376 P.2d 782

Julius Arthur HAFENSTEIN, Appellant,

v.

Waldon V. BURR, Sheriff of Pima County,
Appellee.

No. 7529.

Supreme Court of Arizona.

En Banc.

Dec. 6, 1962.

Hirsch, Van Slyke, Richter & Ollason,
Tucson, for appellant.

Robert Pickrell, Atty. Gen., Harry Acker-
man, former County Atty. of Pima County,
Manuel H. Garcia, Deputy County Atty.,
and Jack I. Podret, Present County Atty.,
for appellee.

PER CURIAM.

Appellant petitioned the trial court
for a writ of habeas corpus. He is being
held without bail on a charge of first degree
murder. The petition was denied and peti-
tioner now appeals. Petitioner admits he
shot and killed the deceased. His only com-
plaint is his claim that the facts presented

to the committing magistrate are not sufficient to show cause that petitioner committed murder in the first degree. More specifically, he claims that the facts were insufficient to show deliberation and premeditation.

On the evening of November 12, 1961, the deceased and the recently divorced wife of the petitioner were having some drinks in a tavern. The deceased was a business partner of the petitioner. The petitioner came into the tavern. He asked his former wife to dance and she refused. Petitioner left the table. About one and a half hours later, the deceased left the tavern to. put some tools in his truck. When the deceased did not return immediately the former wife of petitioner left the tavern and found the deceased and petitioner talking business. She asked the deceased to take her home.

The deceased drove the former wife to her home in his truck. She lived about three miles from the tavern. The petitioner followed them in his truck. When they arrived at the former wife's home the deceased got out of his truck and started to walk back to where the petitioner had parked. Petitioner got out of his truck with a .38 caliber revolver in his hand. Petitioner's former wife struggled with him. The gun went off and the shot killed the deceased. A second shot hit petitioner's former wife in the hip. When the gun was found, two shots had been fired from it.

A magistrate may find that there is probable cause that the defendant has committed the crime charged, as follows:

"It has been held in order for a magistrate properly to conclude there is 'probable cause' defendant committed the offense for which he is charged, there must be ' \* \* \* more evidence for, (rather) than against', defendant's guilt, \* \* \* and there must exist 'such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a *strong* suspicion of the guilt of the accused.' \* \* \* Thus, although the State need not, at a preliminary hearing, present as much proof as would be required to sustain a conviction \* \* \*, it must do more than create a mere suspicion that defendant is guilty of the offense for which he is charged." Dodd v. Boies, 88 Ariz. 401, 357 P.2d 144, 146.

This Court has approved the following instructions defining "deliberate" and "premeditated":

" 'While the Court has instructed you relative to the fact that premeditation and deliberation do not require any particular or specified length of time, still it is proper that I should further define to you the meaning of premedi-

tation and deliberation. The adjective "deliberate" means formed, arrived at or determined upon as a result of careful thought and weighing of consideration. The verb "premeditate" means to think on and revolve in the mind beforehand, to contrive and design previously.' " State v. Eisenstein, 72 Ariz. 320, 334, 235 P.2d 1011, 1020.

We hold that where there is evidence that a defendant sees his recently divorced wife out with another man, is turned down when he asks her to dance, then hears the former wife ask the other man to take her home, follows them for three miles, gets out of his truck with a loaded gun, and shoots and kills the other man, a magistrate is justified in entertaining a strong suspicion that probable cause exists that the defendant may be guilty of murder in the first degree.

Petitioner relies on Dodd v. Boies, supra, and tries to make that case stand for the proposition that if there can be two inferences from the testimony then there can be no probable cause. The case does not say that. It merely says that where there is more than one inference *equally reasonable* then probable cause does not exist. Where one inference is more reasonable than another and is on the side of guilt, then probable cause may be found to exist.

Affirmed.