428 P.2d 699

**STATE of Arizona, Appellee,**
**v.**
**John Francis MARLIN, Appellant.**
**No. I CA–CR 86.**

Court of Appeals of Arizona.
June 8, 1967.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Frank E. Dickey, Jr., Phoenix, for appellant.

CAMERON, Chief Judge.

This is an appeal from a jury verdict and judgment of guilt to the crime of grand theft (13–661 and 13–663 A.R.S.). From said verdict, judgment and sentence defendant brings this appeal and presents some twenty questions for our consideration.

Viewing the evidence in the light most favorable to sustaining the verdict and judgment as we must, State v. Blankenship, 99 Ariz. 60, 406 P.2d 729 (1965), the following facts are pertinent to this matter on appeal. Defendant was arrested by police officers in the City of Phoenix after he was allegedly observed taking a camera from the shelf of the Safeway Super-S Store at 20th Street and Thomas Road in Phoenix. An employee of Safeway claimed the defendant carried the object from the camera shelf to a record stand, then bent down and concealed the object in his pants. The

**526**

employee then went downstairs from the office where he had been observing and enlisted the assistance of the assistant manager of the store. They tried to stop defendant inside the store. The defendant ran from the store and was chased by the two employees. Outside the store defendant dropped the object which he had concealed in his pants. The manager continued the chase while the other phoned the police. Two unidentified girls gave the object, the camera in question, to the employee who telephoned the police.

Complaint was filed 14 July 1965 charging the defendant with the crime of grand theft in that he allegedly "stole from Safeway Super-S * * * one Polaroid Camera, Serial Number AK 824085 of the value exceeding $100.00 in violation of Sections 13–661 and 13–663 A.R.S., as amended."

A preliminary hearing was held and testimony was presented concerning the camera. Although the serial number of the camera was given in the complaint, no camera was produced nor was one identified at the preliminary hearing. At the preliminary hearing the assistant manager of the store gave a statement as to the value. The price given, however, as it turned out, was the price for a camera with a flash attachment. The flash attachment was not taken from the store. The wholesale price to Safeway Company was established at $95.96 —under $100.00. Defendant's bail was set by the Justice of the Peace at $10,000.

Defendant was arraigned in the Superior Court and motions were made attacking the proceedings prior to the Superior Court appearance. These motions were heard and denied, and the defendant also made motions for reduction of bail. The Superior Court reduced the bail to $5,000, but further reduction of bail was denied. At the arraignment defendant was notified that he was being charged by the State with a prior conviction. Thereafter defendant filed a motion requesting prosecution by indictment. This motion was denied. At the trial before the jury the testimony relating

to the value of the camera varied from $99.00 to $142.00.

■ The court submitted forms of verdict to the jury on grand theft, petty theft and not guilty. The court refused to submit instructions requested by defendant on attempted grand theft, attempted petty theft and shoplifting. Defendant was convicted of grand theft. The court directed a verdict of not guilty on the allegation of the prior conviction. Since the increased punishment of up to life imprisonment could not be imposed, we have jurisdiction. State v. Mileham, 1 Ariz.App. 67, 399 P.2d 688 (1965). Defendant moved for judgment notwithstanding the verdict and for new trial. Both motions were denied.

Defendant raises some twenty questions for our consideration. Since more than one question may cover the same subject matter, we will consider defendant's questions under subject headings.

## QUESTIONS AS TO EXCESSIVE BAIL

■ Defendant's first three questions to this Court concern the amount of bail. $10,000 was set by the Justice Court, and upon motion for reduction of bail in the Superior Court the amount of bail was reduced to $5,000. It is the contention of defendant that he was denied due process and equal protection of the law in that the amount of the bail was based on reasons not authorized by statute or rule. Defendant also claims that where bail is set in an amount which is higher than the usual bonds of the same type, his constitutional right to bail was violated. Our Supreme Court has discussed the nature of bail as follows:

"Bail is exacted for the sole purpose of securing the attendance of the defendant in court at all times when his presence may be lawfully required, and his surrendering himself in execution of any legal judgment that may be pronounced against him, (citations omitted) * * * and any bail fixed at more than is necessary to secure that appearance is excessive

within the meaning of the constitution, (citations omitted) '* * * excessive bail is not to be required for the purpose of preventing the prisoner from being admitted to bail. * * *' (citations omitted) and reasonable bail should not be denied for the purpose of punishing a person charged with crime. * * * However, bail is not to be deemed excessive merely because the accused cannot give the bail required, * * *." Gusick v. Boies, 72 Ariz. 233, 236, 237, 233 P.2d 446, 448 (1951).

The person seeking bail is presumed innocent and bail is not to be an instrument of oppression. It is admitted that both the Justice Court and the trial court took into consideration defendant's previous criminal record in determining the amount of bail, and it is the contention of the defendant that this fact may not be considered in determining the amount of bail to be set in a particular case. With this we disagree. The fact of defendant's prior criminal record is most certainly a matter that the Justice of the Peace as well as the trial court may take into consideration in determining the amount of bail necessary to assure the presence of the defendant when required. In those instances where the defendant has a family and property in the jurisdiction of the court and has other ties which indicate to the court a strong reason for the appearance of the defendant at successive arraignments and trials in the matter, little or no bail may well be indicated. On the other hand, a defendant with no discernible roots in the community, no reason to remain in the jurisdiction, and with a prior criminal record may be considered such a poor risk that a very high bail indeed is necessary to insure appearance of the defendant at court for successive proceedings in his matter. We hold that a defendant's prior felony conviction may be considered by the court in weighing the extent of the pressure being exerted on the accused which might tend to cause him to absent himself from the jurisdiction of the court. In the instant case, we do not believe that the bail was ex-

cessive or a denial of due process. The fact that the amount of bail for other defendants in the locality for similar cases may usually have been set lower is only · one facet that the courts below may consider in setting bail in the case of the defendant, and we find no error in the amount set by the court.

## ERRORS AT
## PRELIMINARY HEARING

█ The defendant next contends that the preliminary hearing violated defendant's constitutional and statutory rights involving due process and confrontation. Defendant contends that the evidence presented at the preliminary hearing was insufficient to show probable cause as to the alleged item. The complaint alleged the theft of a particular Polaroid Camera with a certain serial number and the value of more than $100.00. The camera was not produced at the preliminary hearing. It was also indicated that the price of the camera with the flash attachment was $106.00, and later it developed that the wholesale price without the flash attachment would be $95.00. It is thus defendant's contention that he should not have been held to answer because the State failed to produce the camera at the hearing or else he should be held for petty theft and not grand theft (value of more than $100.00, 13–663, subsec. A [1] A.R.S.). Our Supreme Court has stated:

"'* * * a magistrate conducting a preliminary hearing should be mindful that his duty is not to determine the ultimate guilt or innocence of a defendant, or determine the degree of the crime charged, but only to determine whether there is probable cause to believe defendant guilty of the offense charged, and leave to the trial tribunal the final determination of the application of the law to the facts and leave to the jury the question as to whether defendant is guilty of the offense charged or of an included offense.'

\* \* \* \* \* \*

"The crux of the problem depends upon what is meant by the phrase 'probable

cause'. It has been held in order for a magistrate properly to conclude there is 'probable cause' defendant committed the offense for which he is charged, there must be ' * * * more evidence for, (rather) than against', defendant's guilt, (citations omitted) and there must exist 'such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a *strong* suspicion of the guilt of the accused.' (citations omitted)" Dodd v. Boies, 88 Ariz. 401, 402, 403, 404, 357 P.2d 144, 145 (1960).

Although we do not recommend the procedure followed by the County Attorney in the instant case in not making available to the defendant at the preliminary hearing the item stolen, we have read the transcript of the preliminary hearing and we find that there was probable cause to hold the defendant to answer to the crime of grand theft.

■ Defendant also raises the question of a variance in proof at the preliminary hearing and proof at the trial itself. The test in the preliminary hearing is whether there is probable cause to hold defendant on the basis of the testimony presented. The fact that the testimony given in the preliminary hearing may be attacked later and discredited in the Superior Court does not invalidate the actions of the committing magistrate in holding the defendant to answer at the preliminary hearing any more than an acquittal before the Superior Court means there was insufficient evidence to hold the defendant to answer. The purpose of the Superior Court hearing is guilt (or innocence) and of the preliminary hearing is probable cause to hold the defendant to answer, and there may be sufficient evidence to find the latter without the former.

Defendant also contends that where no probable cause has been shown, the court should have quashed the information and either remanded the case or proceeded to prosecute by indictment. We have stated before:

"We have found nothing which would indicate that our procedure of information after examination and commitment by a magistrate is not a proper and constitutional substitution for presentment or indictment by a grand jury." State v. Stewart, 3 Ariz.App. 178, 181, 412 P.2d 860, 863 (1966).

## INTENT, ASPORTATION AND VALUE

■ Defendant contends that the evidence does not support criminal intent or asportation. We disagree. We feel the evidence was sufficient from which the jury could and did find the requisite intent and asportation to support a conviction for theft. State v. Allen, 1 Ariz.App. 161, 400 P.2d 589 (1965).

■ Defendant also questions the sufficiency of the evidence to support grand theft as opposed to petty theft. The testimony at the trial indicates that the retail value of the camera varied from $99.00 to $142.00. Our statute states:

"A. 'Grand Theft' is:

"1. Theft of money, labor or property of the value of more than one hundred dollars." 13–663 A.R.S.

Our Supreme Court has stated:

"The testimony of Harris was admissible for the purpose of ascertaining the fair market value of the stolen property in order to grade the offense, i. e., to establish grand larceny as distinguished from petty larceny. Fair market value does not depend solely on wholesale or cost price. Evidence of retail price of stolen goods is admissible to show the value of the goods. (citations omitted) The wholesale and retail prices, established by experts if necessary, may fix the range within which the jury may find fair market value." State v. Sorrell, 95 Ariz. 220, 224, 388 P.2d 429, 432 (1964).

## INSTRUCTION

■ Defendant complains of the failure of the trial court to instruct the jury on attempted grand theft, attempted petty theft and shoplifting (13–673 A.R.S.). The evidence indicates that the defendant was guilty

of theft or else nothing in that, if he did take the camera, he took it from the store, and the theft was completed and not merely attempted. For the same reason the court properly refused to instruct the jury on shoplifting (13–673 A.R.S.). State v. Schroeder, 95 Ariz. 255, 389 P.2d 255 (1964), certiorari denied 379 U.S. 939, 85 S.Ct. 347, 13 L.Ed.2d 350 (1964), State v. Monks, 1 Ariz.App. 518, 405 P.2d 456 (1965).

Defendant further contends that where the court has submitted three forms of verdict—grand theft, petty theft and not guilty —the court commits fundamental error when it instructs the jury that they may only find the defendant guilty of grand theft (as charged) or not guilty. The defendant admits that the court gave proper instructions as to three forms of verdicts—grand theft, petty theft and not guilty—and we feel that the evidence as to the value is sufficient from which the jury could have found either petty or grand theft. The court then instructed the jury as follows:

"If after careful and impartial consideration of all the evidence in this case and in the light of these instructions, you can feel and say that you have an abiding conviction of the guilt of the defendant as charged in the information, and you are fully satisfied by the truth of the charges, then you are satisfied beyond a reasonable doubt. *And you may find the defendant guilty as charged in the information.* But, if after giving a fair and impartial consideration to all of the evidence in the case, if you find the evidence unsatisfactory or insufficient on any point necessary to constitute the defendant's guilt of the offense charged, this could give rise to a reasonable doubt and you should resolve that doubt in favor of the defendant and return a verdict of not guilty.

\* \* \* \* \* \*

"\* \* \* Thus, ladies and gentlemen, under the evidence in this case and the instructions I have given you, if you find beyond a reasonable doubt that the defendant on or about the date alleged in the information did commit the act charged, that is the act of grand theft, then you will find the defendant guilty. If you fail to find so beyond a reasonable doubt from the evidence of this case and under the instructions I have given you, you will find the defendant not guilty." (Emphasis ours.)

■ Although the defendant did not object at the close of the instructions, we believe it was fundamental error for the court in the instant case to instruct the jury that they could only find the defendant guilty as charged (grand theft) or not guilty when the evidence indicated that the jury could properly find the defendant guilty of petty theft as well. Although the instructions must be read as a whole, State v. George, 95 Ariz. 366, 390 P.2d 899 (1964), State v. Douglas, 2 Ariz.App. 178, 407 P.2d 117 (1965), and the court did instruct as to petty theft and also submitted a form of verdict for petty theft, we do not believe this cures the error complained of by defendant. Our Supreme Court has stated:

"It is the duty of the court to give the jury the rules of law to guide their deliberations and determinations, and these rules must not be at such cross purposes as to confuse and mislead the jury. If the instructions are contradictory upon the main point in question, how is the jury to know which to follow, or which is a correct statement of the law?" Hurley v. State, 22 Ariz. 211, 222, 196 P. 159, 163 (1921).

The difference between petty theft and grand theft is great to the defendant, and considering the fact that the testimony concerning the value of the item stolen was in conflict, the defendant was entitled to the full benefit of instructions which would allow the jury to find the lesser offense. The instructions given were contradictory and confusing on this point.

For the reasons stated, the matter is reversed and remanded for new trial.

DONOFRIO and STEVENS, JJ., concur.