483 P.2d 539

James E. DRURY, Appellant and Cross-Appellee,

v.

Waldon V. BURR, Sheriff of Pima County, State of Arizona, Appellee and Cross-Appellant.

No. 10265–PR.

Supreme Court of Arizona, In Banc.

April 12, 1971.

Rehearing Denied May 4, 1971.

Gary K. Nelson, Atty. Gen., Phoenix, Rose Silver, Pima County Atty. by William F. McDonald, Deputy County Atty., Tucson, for appellee and cross-appellant.

Howard A. Kashman, Pima County Public Defender, Tucson, for appellant and cross-appellee.

STRUCKMEYER, Chief Justice.

■ This appeal is from a denial of an application for writ of habeas corpus brought in the Superior Court of Pima County, Arizona to test the sufficiency of the evidence given at a preliminary hearing in which James E. Drury was held to answer on an open charge of murder. Drury appealed to the Court of Appeals, Division Two, from the ruling of the Superior Court. While the Court of Appeals does not have original jurisdiction in habeas corpus, it has appellate jurisdiction over causes originating in the Superior Court, A.R.S. § 12–120.21. From a decision favorable to Drury, the State seeks this review. Opinion of the Court of Appeals, 13 Ariz. App. 164, 474 P.2d 1016, vacated. Judgment of the Superior Court affirmed.

In Arizona, if on a hearing it appears to a magistrate that a public offense has been committed over which the magistrate has no jurisdiction to try and determine, and if it further appears that there is probable cause to believe that the accused is guilty of the offense, the magistrate shall hold him to answer to the Superior Court. Rules of Criminal Procedure, Rule 33, 17 A.R.S.

■ We have said that a finding of probable cause presupposes that a prima facie case has been established and that a mere suspicion that an accused is guilty of the offense of which he is charged is not sufficient. State v. Abbott, 103 Ariz. 336, 442 P.2d 80. However, the evidence at a preliminary hearing does not have to be of such a nature as would be sufficient to convict an accused at his trial. State v. Marlin, 5 Ariz.App. 524, 428 P.2d 699. Where there is more than one inference equally reasonable then probable cause does not exist, but where one inference is more reasonable than another and is on the side of guilt, then probable cause may be said to exist. Hafenstein v. Burr, 92 Ariz. 321, 376 P.2d 782. It is not, therefore, necessary that the evidence at a preliminary hearing establish the guilt of the accused beyond a reasonable doubt. Reasonable or probable cause exists if the proof is sufficient to cause a person of ordinary caution or prudence conscientiously to entertain a reasonable suspicion that a public offense has been committed in which the accused participated. People v. Beghtel, 164 Cal.App. 2d 294, 330 P.2d 444.

The evidence in this case introduced at the preliminary hearing established that on the tenth day of May 1970 defendant, James E. Drury, and one Hoskins Foster engaged in an altercation. The next day Foster was found dead on the desert outside of Tucson, zippered into a sleeping bag. The deceased had been repeatedly struck with a stick, inflicting multiple injuries. Among these were multiple fractures of both the upper and lower jaws. The cause of death was determined as suffocation due to vomiting the contents of the stomach into the lungs. The gastric fluids passed out of the stomach, but, due to the fracture of the jaw, the deceased was unable to open his mouth or swallow, so that the fluids went up to the nose and then back down the bronchial tract and into the lungs.

Dr. Edward A. Brucker, the medical examiner who performed an autopsy for the State, testified that there were two reasons why the deceased would vomit—one, that people with fractured bones frequently vomit, and, two, that deceased's blood alcohol was .27 per 100 milligrams, which made it just as possible that the deceased would vomit because of his intoxicated state as from the trauma. From this testimony, defendant concludes that probable cause was not established, since, as he states, it was too conjectural to support the inference that death was caused by a criminal agency.

■ We do not agree. The very nature of the severity of the beating inflicted upon the deceased compels the inference that the defendant intended great bodily injury with the attendant likelihood that death would result. The nature and extent of the injuries are reflective of an intent

equivalent to a criminal purpose aimed against life. An inference of intent to kill can be drawn from these facts as well as such other facts as the failure to obtain medical attention for the deceased. People v. Geiger, 10 Mich.App. 339, 159 N.W.2d 383.

■ If we assume the intoxication of the deceased was the cause of his vomiting, it is clearly an antecedent condition which, concurring with the defendant's blow breaking the deceased's jaw, combined to cause the death.

> "One who inflicts an injury on another is deemed by the law to be guilty of homicide if the injury contributes mediately or immediately to the death of such other. The fact that other causes contribute to the death does not relieve the actor of responsibility, provided such other causes are not the proximate cause of the death." State v. Cooley (Mo.) 387 S.W.2d 544.

*And see* State v. Minton, 234 N.C. 716, 68 S.E.2d 844, 31 A.L.R.2d 682; State v. Catellier, 63 Wyo. 123, 179 P.2d 203. Moreover, it is not indispensable to a conviction that the wounds be fatal and the direct cause of death. It is sufficient that they cause death indirectly through a chain of natural effects and causes unchanged by human action. 40 Am.Jur.2d, Homicide, § 20 (1968). *And see* Commonwealth v. Cheeks, 423 Pa. 67, 223 A.2d 291.

■ The State on cross-appeal complains that the court at the hearing on habeas corpus ordered the defendant to be admitted to bail in the sum of $25,000, pursuant to A.R.S. § 13–2015. Section 13–2015 provides:

> "When a person is imprisoned or detained in custody on any criminal charge for want of bail such person shall be entitled to a writ of habeas corpus for the purpose of giving bail upon averring that fact in his petition * * *. The court or judge may take recognizance from such person as in other cases."

We think it is clear from the foregoing language that the Superior Court on an application for writ of habeas corpus or in any appropriate proceedings which would suitably raise the issue could direct that the defendant be admitted to bail.

Judgment of the Superior Court affirmed.

HAYS, V. C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.