**James E. DRURY, Petitioner-Appellant,**

v.

**William Coy COX, Sheriff of Pima County, Respondent-Appellee.**

No. 71–2759.

United States Court of Appeals, Ninth Circuit.

March 7, 1972.

Howard A. Kashman, Pima County Public Defender, Tucson, Ariz., for petitioner-appellant.

Gary K. Nelson, Atty. Gen., Rose Silver, Pima County Atty., John L. Augustine, Deputy County Atty., Tucson, Ariz., for respondent-appellee.

Before CHAMBERS, KOELSCH and CHOY, Circuit Judges.

PER CURIAM:

The district court considered the issue in this case to be whether the evidence at a preliminary hearing before an Arizona State Magistrate was sufficient to establish probable cause to bind Drury over for trial on an open charge of murder, degree unspecified. The Arizona Supreme Court held the evidence sufficient. Drury v. Burr, 107 Ariz. 124, 483 P.2d 539 (1971). The district court, after an independent review of the record, agreed and denied Drury's petition for habeas corpus without a hearing. Drury appeals, claiming that his detention for trial amounted to a denial of due process because of lack of probable cause.

■ We affirm on different grounds. Our reading of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, convinces us that only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in,

judgment has been appealed from and the case concluded in the state courts. Apparent finality of one issue is not enough.

The order denying relief is affirmed.

The mandate will issue now.