87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joshua Tobias ORTEGA, Petitioner-Appellant,
v.
Glen CRAIG, Sheriff of the County of Sacramento, Respondent-Appellee.
 No. 95-16371.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joshua Tobias Ortega, presently awaiting trial on murder and robbery charges, appeals the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. § 2254. Ortega contends that the district court erred by abstaining pursuant to Younger v. Harris, 401 U.S. 37 (1971). We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review de novo, Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995), and affirm.[1]
 
 
 3
 Generally, the federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45-46 (1971); see also Fort Belknap Indian Community, 43 F.3d at 431 (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972) (per curiam); see Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980).
 
 
 4
 Here, Ortega's criminal trial is pending, he had an opportunity to present his constitutional claims, and he does not show extraordinary circumstances indicating that he will suffer irreparable harm if we abstain. See Younger, 401 U.S. 45-46; Carden, 626 F.2d at 83-84; Drury, 457 F.2d at 764-65.
 
 
 5
 Ortega contends that, because he has exhausted his federal claim in the state court by an extraordinary writ procedure, and because his claim cannot be raised on direct appeal, abstention is inappropriate. He is incorrect. "Apparent finality of one issue is not enough." Drury, 457 F.2d at 765; see Carden, 626 F.2d at 83-84; cf. Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir.1983) (declining to entertain habeas claim because, although constitutional question cannot be resolved in pending state appeal, appeal may result in reversal, mooting federal question).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the dismissal of the petition under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal