94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Lee HESS, Petitioner-Appellant,
v.
Samuel LEWIS, Respondent-Appellee.
 No. 94-16944.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona prisoner James Lee Hess appeals pro se the district court's dismissal without prejudice of his habeas corpus petition brought under 28 U.S.C. § 2254. Hess contends that the district court erred by abstaining because of his ongoing criminal proceedings. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review de novo, Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995), and affirm.
 
 
 3
 Generally, the federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45-46 (1971); see also Fort Belknap Indian Community, 43 F.3d at 431 (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972) (per curiam); see Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980).
 
 
 4
 Here, Hess alleged both in his habeas petition and on appeal that several post-trial motions are currently pending in state court, following his 1993 convictions for armed robbery. He concedes that he has not, and cannot, file a direct appeal of his conviction until the post-trial motions are resolved and he has been sentenced. The record shows that numerous lengthy delays have occurred not only during the state criminal proceedings, but also in these federal habeas proceedings. Nonetheless, Hess fails to show extraordinary circumstances indicating that he will suffer irreparable harm if we abstain until after he has a chance to present his due process and speedy trial claims to the state courts. See Younger, 401 U.S. at 45-46; Carden, 626 F.2d at 83-84; Drury, 457 F.2d at 764-65.
 
 
 5
 Hess contends that he has exhausted his federal claims in the state courts by an extraordinary writ procedure. We need not determine if he is correct because abstention is still appropriate, even if he has exhausted his claims. See Carden, 626 F.2d at 83-84; Drury, 457 F.2d at 765 (exhaustion of federal issue insufficient if criminal proceedings through direct appeal not yet complete); cf. Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir.1983) (declining to entertain habeas claim because, although constitutional question cannot be resolved in pending state appeal, appeal may result in reversal, mooting federal question).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the dismissal of the petition under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3