William DAVENPORT, Petitioner—Appellant,

v.

State of WASHINGTON; et al., Respondents—Appellees.

No. 04–35463.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 10, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William Davenport, Steilacoom, WA, for Petitioner–Appellant.

Sarah Sappington, Esq., Office of the Attorney General, Seattle, WA, for Respondents–Appellees.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

William Davenport appeals pro se the district court's order denying his 28 U.S.C. § 2241 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We will consider all the issues raised in Davenport's opening brief.

Davenport contends that the state trial court employed the wrong standard when it found probable cause to bind him over for trial as a sexually violent predator ("SVP"). The district court properly declined to address this issue so as not to interfere with ongoing state proceedings.

*See Younger v. Harris,* 401 U.S. 37, 41, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The civil commitment proceedings brought against Davenport are judicial in nature and implicate important state interests, and Davenport would have an adequate opportunity to litigate his federal claims during his state trial and post-trial proceedings. *Id.* at 43; *see also Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir.1972) (per curiam) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.").

 Davenport next contends that the requirement in the Washington SVP statute, Wash. Rev.Code § 71.09, that a probable cause hearing be held within 72 hours after a person is taken into custody is jurisdictional, and thus, that the state court erred by dismissing his SVP petition without prejudice. The Washington Court of Appeals concluded that the failure to hold a hearing within 72 hours does not require dismissal, absent evidence that the failure to hold a hearing adversely affected the outcome of the trial. "We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus." *Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir.1996) (citations omitted). Although Davenport contends that the dismissal without prejudice violated his due process rights, he cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *See id.* Accordingly, the district court properly denied this claim.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Finally, Davenport makes a variety of contentions regarding the validity of his 1992 state conviction for child molestation. Davenport has filed already a 28 U.S.C. § 2254 petition challenging his 1992 conviction. Although Davenport is proceeding under 28 U.S.C. § 2241, he does not avoid the limitations imposed on successive petitions. *See Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam). Accordingly, the district court properly declined to review this claim.

**AFFIRMED.**