**Albert McDONALD, Petitioner,**

v.

**Dave FAULKNER, Sheriff of Tulsa County, Oklahoma, and the State of Oklahoma, Respondents.**

**Civ. No. 73–281.**

United States District Court,
E. D. Oklahoma,
Civil Division.

Feb. 5, 1974.

---

Jack B. Sellers, Sapulpa, Okl., for petitioner.

Marvin E. Spears, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

The petitioner, Albert McDonald, filed herein a petition for a writ of habeas corpus alleging the violation of his constitutional rights by the denial of a right to speedy trial. He attached to said petition Exhibit A consisting of 182 pages and containing the appearance dockets of each case in which the petitioner is involved, certain holdings of the Court of Criminal Appeals, and a transcript of a hearing on March 12, 1973, in the District Court of Bryan County, Oklahoma.

The respondents, Dave Faulkner, Sheriff of Tulsa County, Oklahoma, and the State of Oklahoma, have filed their responses by and through the District Attorney of Tulsa County, Oklahoma, and attached thereto Exhibit RA consisting of 44 pages and containing Motions by the petitioner, Minutes of the March 12, 1973 Hearing and Orders of the District Court of Bryan County, Oklahoma, and Exhibit RB consisting of 10 pages and containing defendant's fifth Motion to Quash and/or Dismiss Indictments in Arizona, Memorandum of Points and Authorities on said Motion and Affidavit of petitioner's attorney, Jack B. Sellers, in Oklahoma.

The petitioner was arrested at Tulsa, Oklahoma, on October 20, 1971, on three cases, CRF 71–1912, CRF 71–1979, and CRF 71–2066, based on fugitive warrants issued from the State of Arizona. The Governor of the State of Oklahoma issued an extradition warrant but recalled it on November 30, 1971, on the issuance of an executive order. Prior to this, on November 24, 1971, charges were filed, by information, in Tulsa County, Oklahoma, against the petitioner for Murder in CRF 71–2169 and CRF 71–2170, and Assault and Malicious Injury a Person with Explosives, CRF 71–2171. The petitioner, in each of the cases, has filed numerous pleadings and motions and had several continuances. On the 17th day of April, 1972, the petitioner filed for a change of venue in CRF 71–2169, only, which was granted and a trial was held in Pottawatomie County, Oklahoma, on the 17th day of January, 1973, and a jury verdict of Not Guilty was rendered. On the 19th day of January, 1973, the petitioner filed in the two remaining cases, CRF 71–2170 and CRF 71–2171, a motion for speedy trial and a motion for change of venue. The cases were transferred on February 16, 1973, to Bryan County, Oklahoma; the files were mailed to the Clerk of the District Court of Bryan County and filed therein on February 21, 1973, and became CRF 73–33 and CRF 73–34, respectively. On the 3rd day of March, 1973, the petitioner's attorney asked that the cases be set on the criminal docket that had already been set, starting March 12, 1973, in Bryan County. On March 12, 1973, the attorney for the petitioner appeared, as did the District Attorney of Tulsa County, Oklahoma. A hearing was held and the petitioner's attorney asked again to have these two cases set, stating that he would be ready except for service of subpoenaes on witnesses which would take about a week to ten days. Testimony was taken on that date and the petitioner's attorney attempted to elicit from the District At-

torney of Tulsa County that certain witnesses would not be available to the petitioner for the trials in Bryan County. The District Attorney answered that these witnesses would be present at the trial. At this time, the petitioner was under order of the District Court of Tulsa County for transportation back to Arizona and there was pending in the Court of Criminal Appeals of the State of Oklahoma a petition for writ of prohibition on having petitioner removed. The order of the District Judge of Bryan County states that the cases will be set for trial immediately if the Court of Criminal Appeals ordered petitioner held in Oklahoma for trial. Two days later, the petitioner was returned to Arizona prior to the Court of Criminal Appeals hearing this matter of prohibition. Thereafter, another charge was filed in Oklahoma County, Oklahoma, and the petitioner was transported back to the State of Oklahoma. On August 13 the petitioner filed in the District Court of Bryan County, Oklahoma a Motion to Dismiss because of the denial of a speedy trial in Case Nos. CRF–73 and 74. This Motion was denied by hearing on August 17, 1973. On August 20th the cases were set for trial on September 27, 1973. On September 14, 1973, the petitioner filed for a writ of habeas corpus, No. H–73–290, in the Court of Criminal Appeals of the State of Oklahoma alleging violation of due process of law, right to speedy trial. On September 22, 1973, an order was filed denying writ and setting the two cases in Bryan County for trial on the 1st day of November, 1973, or as soon thereafter as orderly disposition of trial court's docket will permit. On October 19, 1973, the petitioner advised the Court that he had commenced the proceeding herein and asked for a continuance pending a ruling from this Court. The District Court of Bryan County granted petitioner's motion for continuance on that same date.

■ The petitioner has not exhausted the remedies available to him in the Courts of the State of Oklahoma. 28 U.S.C.A. § 2254 does not apply since it pertains only to a prisoner in custody pursuant to a judgment of conviction in a State Court. Although this Court may have jurisdiction under 28 U.S.C. § 2241(c)(3) it should not, absent extraordinary circumstances, interfere with the judicial administration and process of State Court prior to trial and conviction, even if petitioner claims that he is held in violation of the Constitution. Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). No such showing has been made here. In Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) the Supreme Court held that a State prisoner who has exhausted all available State remedies and is seeking a prompt trial is entitled to have his claim of the present denial of a speedy trial considered in a Federal habeas corpus proceeding. That case is readily distinguishable from that of petitoner McDonald because McDonald is not seeking a trial but rather to prohibit a trial. He has successfully avoided going to trial in the District Court of Bryan County, Oklahoma on September 27, 1973 and November 1, 1973 and by his application herein seeks his complete discharge from custody. This distinction is vital and was recognized by the Supreme Court in *Braden* which pointed out:

"... Petitioner does not, ... seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). He has made repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the *present* denial of a speedy trial. Under these circumstances it is clear that he has exhausted all available state court remedies for consideration of that

constitutional claim, even though Kentucky has not yet brought him to trial." 410 U.S. 489, 93 S.Ct. 1127. ". . . Moreover, petitioner made no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes. He comes to federal court not in an effort to forestall a state prosecution, but to enforce the Commonwealth's obligation to provide him with a state court forum." 410 U.S. 491, 93 S.Ct. 1128. ". . . We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." 410 U.S. 493, 93 S.Ct. 1129.

Here the petitioner is seeking to litigate in this proceeding a federal defense to the criminal charges pending in the Bryan County District Court and to forestall the state prosecution of the charges against him. Since he has the right to raise the matters herein complained of again in the District Court at the time of trial or if he is convicted by direct appeal to the Court of Criminal Appeals of the State of Oklahoma, and thereafter, if not satisfied, by the procedures provided under the Oklahoma Post Conviction Procedure Act, it is clear that the petitioner has not satisfied his exhaustion requirements and this Court will not undertake to adjudicate the merits of any affirmative defense the petitioner may have to his pending State charge.

Some of the factors to be considered in determining if the petitioner has been denied a speedy trial are: the length of delay, the reason for the delay, the Defendant's assertion of right and prejudice to the Defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These matters may better be developed at the trial of petitioner. At best his claim of prejudice are at this time speculative and only by means of a trial will it be known what witnesses appear for or against him and what their testimony is. Accordingly the Petition for Writ of Habeas Corpus will be denied.