**UNITED STATES** of America,
Plaintiff-Appellee,

v.

Francisco **TOSCANINO**, Defendant-Appellant.

No. 746, Docket 73-2732.

United States Court of Appeals,
Second Circuit.

Sept. 27, 1974.
Dissenting Opinion Oct. 8, 1974.

David G. Trager, U. S. Atty., for petitioner; Edward R. Korman, Chief Asst. U. S. Atty., of counsel.

IRVING R. KAUFMAN, Chief Judge.

A poll of the judges in regular active service having been taken at the request of such a judge as to whether this action should be reheard en banc and there being no majority in favor thereof, it is

Ordered that rehearing en banc is denied.

MULLIGAN, Circuit Judge (dissenting):

I am compelled to dissent from the denial of the petition for a rehearing en banc in this case and to state my reasons, albeit briefly. The majority opinion here holds, for the first time and without any discernible authority, that the fourth amendment protects a foreign national while residing on alien soil against "unlawful" searches and seizures; and, further, that the exclusionary rule (although it is presumably of judicial and not constitutional stature, see United States v. Calandra, 414 U.S. 338, 348, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974)) bars the use on trial of the fruits of the alien's electronic surveillance abroad. The intent or even the power of the Founding Fathers to endow foreign nationals while resident in foreign climes with American constitutional rights is, in my view, a question at least worthy of en banc consideration.

The court further holds that the kidnapping of the foreign national by American agents would, if proven at a hearing, deprive the district court of jurisdiction to try him. This controverts the holding of the Supreme Court in Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952), where Mr. Justice Black wrote for a unanimous Court. While the majority argues that *Frisbie* has been eroded by, *inter alia,* law review articles, the scholarly petition for rehearing submitted by the Government casts serious doubts upon the erosion process. In any event, the question is worth en banc discussion.

Finally, the majority holds that Toscanino, the foreign national, was personally clothed with the protection of the Charter of the United Nations and the Charter of the Organization of American States. This is not only unprecedented but, if it is not contrary to our holding in United States v. Sobell, 244 F.2d 520 (2d Cir.), cert. denied, 355 U.S. 873, 78 S.Ct. 120, 2 L.Ed.2d 77 (1957), it is at least fissiparous.

While the indignation of the majority with kidnappings abroad is understandable and commendable, the widespread importation of dangerous drugs by foreign nationals has also created horror and havoc here. Sanctions against kidnappers are, I think, the appropriate remedy and not the unprecedented exoneration of the narcotic conspirator, who, the majority says, "does not question the sufficiency of the evidence or claim any error with respect to the conduct of the trial itself." 500 F.2d 267 at 269.

For these reasons, I think the case is that *rara avis,* one of "exceptional importance," and should be en banced.

I am authorized to state that Judge Timbers concurs in this dissenting opinion.