**UNITED STATES of America ex rel. Agnes SCRANTON, Petitioner,**

v.

**The STATE OF NEW YORK, Respondent.**

No. 75 Civ. 1138.

United States District Court,
S. D. New York.

Nov. 6, 1975.

Eleanor Jackson Piel, New York City, for petitioner.

Richard H. Kuh, Dist. Atty., New York City, Louis J. Lefkowitz, Atty. Gen., State of New York, for respondent.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Petitioner Agnes Scranton, charged with murder of her infant child, has filed a habeas corpus petition seeking dismissal of the New York State criminal indictment on the grounds that she has been denied her right to a speedy trial.[1] Her petition poses two threshold jurisdictional questions. First, whether, being at liberty on pretrial parole, she satisfies the "custody" requirement for a habeas petition,[2] and second, whether with her state trial pending, she must present her claim at such a trial before she is deemed to have exhausted her state remedies, a condition precedent to her application for relief in federal court.

Petitioner Scranton was indicted in January of 1970. The case was called for trial in March, 1974.[3] The trial, however, was ill-fated, due to illness and injury. Shortly before its outset, petitioner injured her hip and her counsel fractured her knee, and after three jurors had been selected, the prosecutor became ill and was unable to continue. The judge then declared a mistrial.

██ Petitioner moved the Appellate Division and then the Court of Appeals for a judgment pursuant to Article 78 prohibiting prosecution on speedy trial and double jeopardy grounds. The Court of Appeals ruled that the speedy trial claim was not cognizable in an Article 78 application, and that the double jeopardy argument had no merit.[4] Petitioner then applied to this court for "habeas corpus relief and the dismissal of the indictment."[5] Pending determination of this petition, I ordered that state proceedings be stayed.

The state argues that this court lacks jurisdiction because petitioner is not "in custody" within the meaning of the habeas statutes. In March of 1970, petitioner was released on $10,000 bail. She was free on bail until March of 1974 when she was briefly remanded in order to facilitate her transportation to trial. She was then released on parole.[6] As a practical matter, this "parole" is the equivalent of bail. Petitioner's only apparent obligation is to appear at trial when directed by the court, and to be "amenable to the orders and processes of the Court." New York Criminal Procedure Law § 510.40(2) (McKinney's 1975). Since March of 1974, petitioner has been on this "parole" status.

---

1. Petitioner also claimed that a trial on the indictment would constitute double jeopardy. However, in oral argument, petitioner's counsel conceded that this contention lacked merit.

2. 28 U.S.C. § 2241(c)(3).

3. The responsibility for this lengthy delay between indictment and trial is vigorously disputed by the parties. Prior to trial, petitioner's counsel brought five unsuccessful motions for dismissal on speedy trial grounds, and claims, in substance, that the state procrastinated because of the weakness of its case. The state insists that any reluctance it may have shown to prosecute was occasioned by statements of petitioner's counsel that petitioner only had a very limited life expectancy because she was suffering from sickle-cell anemia. Neither party has attempted to enumerate the individual causes of the more than fifty adjournments that have occurred in this case.

4. 36 N.Y.2d 704, 366 N.Y.S.2d 417, 325 N.E.2d 876 (1975).

5. Petitioner seeks habeas corpus pursuant to 28 U.S.C. § 2254. That statute is not applicable because petitioner is not in custody "pursuant to the *judgment* of a state court" (emphasis added) 28 U.S.C. § 2254(a). Consequently, I shall treat this petition as an application under the more general habeas statute, 28 U.S.C. § 2241, which encompasses situations where the petitioner has not been convicted.

6. Once bail is exonerated in New York State, it is not simple to reset it. The entire bail-setting and posting process must be repeated. To avoid this cumbersome procedure, the trial judge released petitioner on "parole".

There have been conflicting decisions on whether a person released on bail is "in custody" for the purposes of a habeas petition.[7] In 1973, the Supreme Court·in the case of *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294, held that a person released on his own recognizance pending appeal, following his conviction at trial, is "in custody". While in this Circuit the specific question remains open,[8] other Circuits[9] have concluded that the *Hensley* rule should extend to cases where the defendant is on parole *prior* to trial.

One of the bases for the *Hensley* decision—that the petitioner is subject to restraints "not shared by the public generally" *Id.* at 351, 93 S.Ct. at 1575 quoting *Jones v. Cunningham*, 371 U.S. 236, 240, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963)—applies equally to the pretrial situation. Scranton is in a position similar·to that of Hensley who "cannot come and go as he pleases. His freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice." *Id.*

█ I conclude from the foregoing that petitioner has met the "custody" requirements of 28 U.S.C. § 2241.

█ Although 28 U.S.C. § 2241 does not specifically require the exhaustion of state court remedies, the exhaustion requirement is part of the common law heritage which applies to all habeas statutes. There is no question that peti-

tioner here has exhausted her state remedies prior to trial.[10] The issue which remains, however, is whether petitioner must present her denial of a speedy trial claim at her state trial and upon appeal if convicted before coming to this court for collateral relief.

Both parties rely upon *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In *Braden* the Court held that a Federal Court had jurisdiction to entertain a habeas petition which raised a speedy trial claim prior to the state court trial. But *Braden* is fundamentally different from this case. In *Braden,* the state refused to prosecute, and the only relief sought was an order directing immediate trial. The Court noted at p. 491, 93 S.Ct. p. 1128.

> Petitioner made no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes. He comes to federal court, not in an effort to forestall a state prosecution, but to enforce the Commonwealth's obligation to provide him with a state court forum.

In contrast, here petitioner Scranton has been given a court date which she has had stayed.[11] Further, *Braden* specifically enunciates the basic principle that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state

---

7. *Contrast Matysek v. United States*, 339 F.2d 389 (9th Cir. 1964) *with Burris v. Ryan*, 397 F.2d 553 (7th Cir. 1968).

8. I note that the Second Circuit has declared that a restaint can be sufficient to constitute custody even if it will not take effect until after some future date. *United States ex rel. Meadows v. New York*, 426 F.2d 1176, 1179 (1970), *cert. denied*, 401 U.S. 941, 91 S.Ct. 944, 28 L.Ed.2d 222 (1971) (parole detainer).

9. *United States ex rel. Russo v. Superior Court*, 483 F.2d 7, 12 (3rd Cir.), *cert. denied*, 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973) ; *Anglin v. Johnston*, 504 F.2d 1165, 1168 (7th Cir. 1974), *cert. denied*, 420 U.S.

962, 95 S.Ct. 1353, 43 L.Ed.2d 440 (1975) ; *United States ex rel. Bailey v. United States Commanding Officer*, 496 F.2d 324, 326 (1st Cir. 1974).

10. Petitioner's counsel moved for the dismissal of the indictment on five occasions, and brought an Article 78 motion to prohibit further prosecution. It is conceded by the State that a habeas corpus petition would not be entertained by the state courts because petitioner is not incarcerated. *See e. g. People ex rel. Romano v. Warden*, 28 N.Y.2d 928, 323 N.Y.S.2d 174, 271 N.E.2d 703 (1971).

11. There is no claim that the state will not immediately proceed to trial if this petition is denied.

court." 410 U.S. at 489, 93 S.Ct. at 1127.

Petitioner's counsel has not advanced any "special circumstances" which would make it appropriate to adjudicate her speedy trial claim prior to trial. If the pretrial delay infects the fairness of the trial, the court can dismiss.

Under state law, petitioner's speedy trial claim could be raised at trial and upon appeal. *See e. g. Watts v. Supreme Court*, 28 N.Y.2d 714, 320 N.Y.S.2d 755, 269 N.E.2d 412 (1971). And at trial, the court would be in a better position to determine whether petitioner had been prejudiced by the delay.[12] At this pretrial state, there are only vague allegations about prejudice.[13]

Scranton's demand that pending state criminal proceedings be enjoined raises problems of federal-state comity not involved in *Braden*. In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Court emphasized that because of "Our Federalism" federal courts should not enjoin pending state criminal proceedings unless there is a threat of irreparable injury which is "both great and immediate". 401 U.S. at 46, 91 S.Ct. 746, 751 *quoting Fenner, v. Boykin*, 271 U.S. 240, 243, 46 S.Ct. 492, 70 L.Ed. 927 (1926). And the Court stated:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution. *Id.*

Petitioner has alleged, in conclusory terms, the threat of "irreparable injury." But the Court in *Younger* held that "even irreparable injury is insufficient unless it is 'both great and immediate.'" Id. And petitioner fails to indicate how the injury here would be more severe than the "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution." She makes an allegation of "bad faith" on the part of the state but has not supported it with substantial evidence.

■ Although *Younger* did not involve a habeas application, the Court noted in *Schlesinger v. Councilman*, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975), that the considerations of comity inherent in *Younger* are precisely those that also underlie the exhaustion requirement for habeas petitions. 420 U.S. at 756, 95 S.Ct. 1300. The continuing vitality of these considerations is indicated by the Court's opinion in *Huffman v. Pursue Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), which vacated a federal injunction against pending state nuisance proceedings on the *Younger* theory. *See also United States v. Bell*, 524 F.2d 202, 209 (2d Cir. 1975). At the very least, therefore, the line of cases following *Younger* indicate that the exhaustion requirement applies strictly to habeas petitions seeking to enjoin pending state proceedings.[14]

There is some apparent support for petitioner's position in certain recent opinions which appear to enjoin state proceedings on speedy trial grounds. But in general these involve persons already incarcerated on other charges, where the state refuses either to prosecute or to dismiss the indictment. Under *Braden*, these are appropriate cases

---

12. Under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the extent of prejudice is one of the factors to be considered in deciding a speedy trial claim.

13. "Memories have dimmed. Witnesses I might have had have moved away and I myself do not remember as clearly as I might

the events of over five years ago." (Petition ¶ 18).

14. See the discussion of the relationship between habeas petitions and the *Younger* rule in *Theriault v. Lamb*, 377 F.Supp. 186 (D. Nev.1974).

**1014**

for habeas relief, and the courts have usually given state authorities the option of immediately commencing prosecution or dismissing charges. *E. g. Beck v. United States*, 442 F.2d 1037 (5th Cir., 1971); *May v. Georgia*, 409 F.2d 203 (5th Cir. 1969). By giving state authorities this option, these decisions implicitly reject petitioner's position that the speedy trial issue should be decided before trial in federal court.

In *Chauncey v. Second Judicial District Court*, 453 F.2d 389 (9th Cir. 1971), the court, in a 2–1 decision, held that the district court did have jurisdiction to enjoin a pending state criminal proceeding if the petitioner had been denied his right to a speedy trial. But there the state courts had already rejected petitioner's claim on the merits. The court stated, "(i)t would surely be an exercise in futility to require [petitioner] again to assert his claim in the Nevada courts." 453 F.2d at 390, n. 1. In this case, petitioner's Article 78 application was denied by the Court of Appeals of New York on purely procedural grounds. Since the New York Courts have taken no position on the merits, there is no reason to conclude that a post-conviction appeal would be futile.

In *McDonald v. Faulkner*, 378 F.Supp. 573 (E.D.Okla.1974), the court, in a similar situation, concluded that the petioner must first litigate his speedy trial claim at trial and upon appeal if need be before seeking collateral relief from a federal court.

■ I reach the same conclusion as did the court in *McDonald, supra.* Interests of comity demand that petitioner exhaust her state remedies. She may present her claim as an affirmative defense at trial, and upon appeal if convicted. Petitioner's application therefore is denied and the stay is dissolved. If the state does not prosecute promptly, petitioner shall have leave to apply again to this court for relief.

So ordered.