UNITED STATES of America

v.

Salvatore RAFFONE, Defendant.

Nos. 71-278-Cr-JLK,
74-637-Cr-JLK.

United States District Court,
S. D. Florida.

Dec. 17, 1975.

Pat Sullivan, Asst. U. S. Atty., Miami, Fla., for plaintiff.

Robert S. McCain, Ft. Lauderdale, Fla., for defendant.

## ORDER ON MOTIONS TO DISMISS

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the defendant's motions to dismiss the two cases pending against him in this court for violation of his right to a speedy trial. The court, having considered the record and being fully advised in the premises, finds and concludes that the motion should be granted as to Case No. 71-278-Cr-JLK and denied as to Case No. 74-637-Cr-JLK.

The defendant was arrested and charged by complaint on February 2, 1971. A Preliminary Hearing was set for February 22, 1971; the defendant failed to appear, his $10,000 recognizance bond was estreated, and a bench warrant was was issued for his arrest. He was indicted on May 21, 1971 on counterfeiting charges in violation of 18 USC §§

472, 473, but it was not until November 21, 1974 that the defendant was indicted for bond jumping. During this period defendant was in Canada where he was arrested and convicted of armed robbery and attempted murder of a policeman. His scheduled release was in 1979.

It appears that the government first became aware that defendant was incarcerated in a Canadian jail in April 1973. In any event, the defendant himself wrote to the F.B.I. on May 13, 1974, requesting copies of detainers and warrants against him, that he might "start any proceedings against me as I'm ready to face and all charges against me." The requested information was furnished, but the government made no effort to have the defendant returned and brought to trial. On June 4, 1974, the defendant wrote the United States Attorney's Office for the Southern District of Florida, requesting similar information as in his previous letter. Again, no action was taken to have the man returned. The government did not communicate with the defendant after he was indicted for bond jumping. Bond jumping is not recognized as an extraditable offense under the existing U. S. —Canadian Treaty. Counterfeiting, however, is.

The factors to be considered in determining whether an indictment should be dismissed for lack of speedy trial are set out in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972):

Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2192.

■ At the outset, the defendant asserted his right on May 13, 1974, presenting the third factor. As to the length of the delay, at that time the indictment was three years old. The government did not then, nor did it ever, take any steps to bring the defendant to trial. It was therefore well over a year later that proceedings were finally set in motion again. These two factors, must weigh in favor of the defendant.

The government pleads negligence as the reason for the delay. It cites no reason and gives no explanation other than it "seemed a better use of Government time and money to prosecute other cases, rather than devote the same to the extremely complex and costly business of extradicting a foreign felon." This then, must be likewise balanced for the defendant.

Finally there is evidence that prejudice to the defendant resulted from the delay. Defendant alleges that a major defense witness, whose testimony was exculpatory, has died. This factor must join the other three on the balance for the defendant.

Taken altogether, the court finds that, as to the counterfeiting charges, that this case presents a classic example of a violation of the defendant's right to a speedy trial. Every factor of the *Wingo* test is weighed in the defendant's favor.

The case of *United States v. Mc-Conahy,* 505 F.2d 770 (7th Cir., 1974), is persuasive in the court's determination, as the situation there was similar to the facts before the court. McConahy jumped bond and went to England where he was convicted and sentenced to five years on unrelated British charges. The government conceded that the delay was substantial and that the defendant had asserted his right to speedy trial. There was also evidence that some prejudice had resulted from the delay in the loss of witnesses. There, as here, the government urged that there was no speedy trial violation because the reason for the delay was the defendant's own conduct. The Seventh Circuit rejected this contention, holding that, unless there was a showing that such an effort would be futile, the government had a "constitutional duty to make a diligent, good-faith effort to bring the defendant before the [district] court for trial." *Id.* at 773; citing *Smith v. Hooey,* 393 U.S. 374, 383, 89 S.Ct. 575, 21 L.Ed.2d 607

(1969). The expense involved in the extradition was not a factor. The court agrees with *McConahy* and finds the reasoning applicable to the facts at bar. In this case the government likewise made no effort to bring the defendant to trial. The defendant may not be penalized for this failure. Therefore the charges in Case Number 71–278–Cr–JLK must be dismissed.

 The bond jumping charges, however, present a different situation. That indictment was handed down on November 21, 1974, and the defendant did not assert his right to speedy trial as to it. The defendant contends that if he had been indicted sooner, the elapsed time would have amounted to a denial of his right to a speedy trial. However true that may be, the defendant enjoys no constitutional right to speedy indictment. The right extends to speedy trial, once indicted. Bond jumping is not an extradictable offense under the existing U. S.—Canadian Treaty. In addition, the period from the time of indictment to the time of the defendant's return to this country was less than one year and about one year to the time of the original trial date (which was continued at retained counsel's request). This delay does not compare to the delay in the first case. Finally, the defendant has named no grounds for prejudice due to the delay. Therefore as to this offense the factors do not weigh in the defendant's favor and so this indictment should not be dismissed. Accordingly, it is

Ordered and adjudged that the defendant's motion to dismiss the indictment in Case Number 71–278–Cr–JLK be and the same is hereby granted. It is further

Ordered and adjudged that the defendant's motion to dismiss the indictment in Case Number 74–637–Cr–JLK be and the same is hereby denied.