Salvatore J. RAFFONE a/k/a Joseph Louis Rossi

v.

Edward J. STACK, Sheriff of Broward County, Florida.

Civ. No. N–76–115.

United States District Court, D. Connecticut.

June 1, 1976.

Robert S. McCain, Ft. Lauderdale, Fla., for petitioners.

Richard J. Registro, Asst. State's Atty., Ft. Lauderdale, Fla., for respondent.

## MEMORANDUM OF DECISION

NEWMAN, District Judge.

This petition for a writ of habeas corpus was transferred from the United States District Court for the Southern District of Florida so that this Court might consider the propriety of hearing petitioner's claims: (1) that Connecticut has failed to make a diligent, good-faith effort to bring him to trial, see *Dickey v. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), and (2) that taking into account (a) the length of and reasons for the delay between indictment and trial, (b) his efforts to assert his right to trial, and (c) prejudice to him, *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the state criminal charges should be dismissed in order to vindicate petitioner's constitutional right to a speedy trial, see *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

The initial question, however, is whether there exist "special circumstances" that justify a federal court proceeding to adjudicate the merits of the speedy trial defense prior to the state criminal trial. The rule is well settled that while 28 U.S.C. § 2241(c)(3) confers jurisdiction in the federal courts over this kind of claim, pretrial petitions by state defendants alleging a speedy trial defense are normally dismissed without prejudice by federal courts in order to afford the state courts first opportunity to rule on the claim. *United States ex rel. Scranton v. New York*, 532 F.2d 292 (2d Cir. Mar. 15, 1976); *Moore v. DeYoung*, 515 F.2d 437 (3d Cir. 1975); *Prock v. District Court*, 391 F.Supp. 315 (W.D.Okl.1974); *McDonald v. Faulkner*, 378 F.Supp. 573 (E.D.Okl. 1974); see *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–92, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Fay v. Noia*, 372 U.S. 391, 418–20, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). Recognizing the general rule, petitioner argues that the facts of this case bring it within the "special circumstances" exception.

A precise definition of "special circumstances" has not been written; only guidelines exist. Professor Amsterdam, a critic of the general rule requiring exhaustion, has categorized its exceptions as including three types of cases: (1) cases "of urgency, involving the authority and operations of the general government," *Ex parte Royall*, supra, 117 U.S. at 251, 6 S.Ct. at 740; see, e. g., *In re Neagle*, 135 U.S. 1, 10 S.Ct. 658, 34 L.Ed. 55 (1890) (pretrial discharge of federal deputy charged with murder for killing assailant of Justice Field); *In re Loney*, 134 U.S. 372, 10 S.Ct. 584, 33 L.Ed. 949 (1890) (pretrial discharge of petitioner held on state charge of perjury for statement made in case of contested congressional election); (2) cases involving petty offenses where the burden of trial and appeal will be greater than the penalty and, therefore, presenting the probability of widespread deterrence of federally protected conduct without challenge; and (3) cases in which state processes though theoretically available are, in practice, ineffective due to procedural

obstructions. Amsterdam, "Criminal Prosecutions Affecting Federally Guaranteed Civil Rights: Federal Removal and Habeas Corpus Jurisdiction to Abort State Court Trial," 113 U.Pa.L.Rev. 793, 892–908 (1965). Some courts have spoken in terms of delay, harassment, and bad faith prosecution as possibly furnishing additional types of "special circumstances." See, e. g., *Moore v. DeYoung, supra*, 515 F.2d at 446 n.12. See also *Kugler v. Helfant*, 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975). The typical speedy trial defense does not fit easily into any of these categories.

The affirmative defense to a pending prosecution based upon denial of a speedy trial must be distinguished from the demand for a speedy trial entertained in *Braden v. 30th Judicial Circuit Court, supra*. There the petitioner was a state prisoner seeking to bring to a head the issue of the continuing validity of a pending out-of-state indictment and associated detainer. The Court explained:

> [P]etitioner has exhausted all available state remedies as a prelude to this action. It is true, of course, that he has not yet been tried on the Kentucky indictment, and he can assert a speedy trial defense when, and if, he is finally brought to trial. It is also true, as our Brother Rehnquist points out in dissent, that federal habeas corpus does not lie, absent "special circumstances," to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Ex parte Royall*, 117 U.S. 241, 253 [6 S.Ct. 734, 29 L.Ed.2d 868] (1886). Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial. *Smith v. Hooey*, 393 U.S. 374 [89 S.Ct. 575, 21 L.Ed.2d 607] (1969). He has made repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the *present* denial of a speedy trial. Under these circumstances it is clear that he has exhausted all available state court remedies for consideration of that constitutional claim, even though Kentucky has not yet brought him to trial.

*Id.* 410 U.S. at 489–90, 93 S.Ct. at 1127. This petitioner would raise, instead, the question of the merits of the speedy trial defense.

Petitioner is to be tried in state court on charges of robbery and binding, which have been outstanding since 1970. From October, 1971, until September, 1975, petitioner was incarcerated in Canada after conviction for an unrelated offense. Petitioner alleges that from at least April, 1974, when Connecticut filed a detainer with Canadian authorities, state officials have been aware of his whereabouts and have made no effort to bring him to trial until recently, even though he requested a speedy trial in June, 1974. Upon his release from Canada, petitioner was taken into federal custody and transported to Florida for trial on a 1971 counterfeiting indictment. Petitioner's motion to dismiss that indictment for lack of a speedy trial was granted on December 17, 1975, by the Federal Court in which it had been pending. *United States v. Raffone*, 405 F.Supp. 549 (S.D.Fla.1975).

While petitioner was in federal custody in Florida, a fugitive warrant was issued on behalf of Connecticut. Petitioner filed a petition for habeas corpus relief in a Florida state court, the petition was dismissed, and then he commenced this action in federal district court in Florida. He also petitioned for an order staying the state court extradition proceedings until the federal habeas corpus action was finally determined on its merits. The stay was denied on March 4, 1976. On Friday, March 5, petitioner was taken into custody by a Florida sheriff and on Sunday he was turned over to Connecticut authorities and transported to Connecticut. The federal habeas corpus petition was then transferred here.

Petitioner pled not guilty to the state charges on March 31, 1976, and was able to post bond on April 6. On April 15, he filed pretrial motions in state court, including a

motion to dismiss on speedy trial grounds. On April 27, he filed a civil complaint against the Governors of Connecticut and Florida and the sheriffs allegedly involved in his weekend arrest and transfer to Connecticut and charged them with violating his constitutional rights, 42 U.S.C. § 1983.

Petitioner argues that the weekend spiriting to Connecticut and the ruling of the Federal Court in Florida dismissing a 1971 federal indictment on grounds similar to those pressed here constitute "special circumstances" justifying the exercise of this Court's habeas corpus jurisdiction without first requiring petitioner to raise his speedy trial defense in state court.

■■■ Whether illegality was involved in the transportation of petitioner to Connecticut will be an issue in his suit alleging violation of his federally protected rights, *Raffone v. Grasso*, Civil No. N–76–141 (D.Conn. filed April 7, 1976). Should petitioner prevail on that claim, he will be entitled to compensation for whatever adverse consequences he is found to have suffered due to that violation. But even if petitioner was brought into the jurisdiction illegally, he may still be subject to trial on the Connecticut charges; the jurisdiction of the state court is not necessarily defeated. *Ker v. Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886). Compare *United States v. Toscanino*, 500 F.2d 267 (2d Cir.), *rehearing en banc denied*, 504 F.2d 1380 (2d Cir. 1974), with *United States ex rel. Lujan v. Gengler*, 510 F.2d 62 (2d Cir. 1975), and *United States v. Lira*, 515 F.2d 68 (2d Cir. 1975). Certainly the competency of the state court to hear and decide the merits of petitioner's speedy trial defense is not affected. The petitioner's allegations concerning the circumstances of his removal to Connecticut do not constitute sufficient "special circumstances" to justify a federal forum hearing his speedy trial defense before a state court has had an opportunity to rule on its merits. See *Whitten v. Tomlinson*, 160 U.S. 231, 16 S.Ct. 297, 40 L.Ed. 406 (1895); *Cook v. Hart*, 146 U.S. 183, 13 S.Ct. 40, 36 L.Ed. 934 (1892).

Some support for petitioner's claim of "special circumstances" might be read from *Collins v. Frisbie*, 189 F.2d 464 (6th Cir. 1951), *rev'd on other grounds*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). In *Collins*, the petitioner had alleged that while he had been in Illinois, Michigan officers had forcibly seized, handcuffed, blackjacked, and taken him to Michigan for trial. He had subsequently been tried and convicted for murder. The Court of Appeals noted as "special circumstances" requiring federal court intervention in the case that the District Court which had dismissed the habeas corpus petition had ignored an earlier decision by the Sixth Circuit and that criminal trials of defendants over whom state court jurisdiction had been obtained by force were being upheld. 189 F.2d at 468 n.1. After establishing federal court jurisdiction, the Court of Appeals went on to suggest:

A state may not lawfully try, convict and punish a person brought within its territorial confines by force and violence exercised by its officers in violation of a federal criminal statute. The courts of the United States should uphold the constitutional guarantee of due process of law by all appropriate means within their lawful powers, including issuance in last resort cases of the writ of *habeas corpus*.

*Id.* at 468.

The Supreme Court found it "sufficient to say that there are sound arguments to support the Court of Appeals' conclusion that prompt decision of the issue raised was desirable," 342 U.S. at 522, 72 S.Ct. at 511, without expressly approving the Sixth Circuit's conclusion that "special circumstances" justified an exception to the normal exhaustion requirement. Upon reaching the merits, the Supreme Court reversed, and reaffirmed the doctrine of *Ker v. Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886), that a state may lawfully try and convict a defendant after acquiring jurisdiction by force.

Of course, petitioner's argument here that unlawful abduction into a state for trial presents "special circumstances" allowing a federal court to decide the defend-

ant's constitutional defenses to the state charges is not controlled by the Supreme Court decision in *Frisbie v. Collins, supra;* his claim is that this circumstance furnishes justification for exercising habeas corpus jurisdiction and reaching the merits of his speedy trial defense, not that it forecloses lawful conviction. What support *Collins* might offer for petitioner's position is further undermined, however, by a comparison of the circumstances alleged there and here.

In *Collins*, the state prisoner had been convicted and was serving a life sentence; here petitioner is on bail. In *Collins*, the allegations included claims of physical abuse and gross illegality, *cf. United States ex rel. Lujan v. Gengler, supra* ; here petitioner does not even clearly identify the alleged illegality in the extradition. In *Collins*, the Sixth Circuit considered the District Court to have ignored an earlier Sixth Circuit decision, and chose *Collins* to expand upon that decision and construct a new formulation of law. Here there is no reason to suppose that the state courts will not fully and fairly consider petitioner's speedy trial defense in accord with governing law. In *Collins*, petition for a writ of habeas corpus to the Michigan Supreme Court had been denied; here petitioner's pretrial motion has only recently been filed in state court. Finally, all that was sidestepped in *Collins* was the rule of *Darr v. Burford*, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950), that had required a state prisoner to petition for certiorari from the United States Supreme Court before applying for federal habeas corpus relief. That requirement has since been abandoned, *Fay v. Noia, supra,* 372 U.S. at 435–38, 83 S.Ct. 822. On the other hand, the Second Circuit has recently affirmed the rule that a state defendant should first present a speedy trial defense at trial and on appeal before seeking federal habeas corpus relief, and did so in a case involving most sympathetic circumstances, *United States ex rel. Scranton v. New York, supra.*

The fact that petitioner in this action was arrested and transported from Florida to Connecticut while his petition for habeas corpus was pending in the District Court for the Southern District of Florida arguably adds an aspect indicating some lack of respect for federal authority. However, given the fact that the day before the arrest, the Federal Court had denied a petition for a stay of the state court extradition proceeding, the removal of petitioner to Connecticut does not represent such an affront to "the authority and operations of the General Government" that it requires urgent federal intervention and a federal forum for petitioner's speedy trial defense.

■ Petitioner also points to the fact that the District Court in Florida dismissed a federal indictment returned after the Connecticut charges on speedy trial grounds. That ruling should be some authority and support for petitioner's claim, on the merits. Still, it is not binding upon the court determining the speedy trial defense to the Connecticut charges. That ruling must be based upon the facts of the Connecticut case and a balancing of factors including a determination of what diligent, good-faith efforts were made by Connecticut to bring petitioner to trial, and the probability of prejudice to petitioner's defense. Both petitioner's case dismissed by the District Court in Florida and the decision upon which it relied, *United States v. McConahy*, 505 F.2d 770 (7th Cir. 1974), involved federal indictments and did not require federal court consideration of a state criminal charge. They furnish no direct authority for a federal court reaching the merits of a speedy trial defense on a pretrial application for habeas corpus relief from a state criminal charge.

A third circumstance that should be considered is the fact that petitioner and his family presently reside in Florida. Although currently free on bond in Connecticut, petitioner's liberty is restricted. Great inconvenience and expense is most probably occasioned by this forced separation. Hopefully, the state court will take this into account and expedite petitioner's case. Certainly, there has been no allegation that requiring petitioner to press his pretrial mo-

tion in state court will result in inordinate delay.

Following the rule of this Circuit, the Court holds that there do not exist "special circumstances" sufficient to justify proceeding to reach the merits of petitioner's speedy trial defense. Accordingly, the petition is dismissed without prejudice to renewal in the event the Connecticut court does not promptly adjudicate petitioner's motion to dismiss and, if the motion is denied, does not promptly bring him to trial.