444 F.Supp. 104 (1978)
UNITED STATES of America ex rel. Melvin Leroy TYLER, Petitioner,
v.
Warden HALL, St. Louis City Jail, etc., Respondent.
No. 78-19C(B).
United States District Court, E. D. Missouri, E. D.
January 12, 1978.
*105 Melvin Leroy Tyler, pro se.
John D. Ashcroft, Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM
REGAN, District Judge.
In accordance with the practice in this District, petitioner was granted leave to file in forma pauperis his pro se petition for a writ of habeas corpus. We now examine the petition to determine whether petitioner should be permitted to further prosecute the action in forma pauperis.
Petitioner purports to invoke our jurisdiction pursuant to Section 2254, 28 U.S.C. However, this statute has application only to habeas applications by persons attacking a State court judgment pursuant to which they are in custody. In the instant case, petitioner has not yet been tried or convicted. We have jurisdiction, if at all, only under Section 2241(c)(3), 28 U.S.C.
Petitioner alleges that he is in the custody of the warden of the St. Louis City jail awaiting trial on two charges of robbery and two charges of assault; that he is acting as attorney pro se; that he filed several pretrial motions; and that some of the motions were denied. It is his contention that the denial of these motions constitutes a denial of due process and the equal protection of the laws. Among such motions were applications for a change of venue, for the aid of an investigator, for a "voice exemplar" of a state's witness (to prove the witness is the same person as the one on a tape recording of a conversation), for an expert dermatologist (to prove that since petitioner was convicted of an offense committed at 2 P.M. by a person with no marks on his face, it was not medically possible for him to be the person with multiple scratches on his face who committed the offenses in question at 10 A.M. that same day); and for a psychiatric evaluation of a state's witness.
With respect to the application for a change of venue (apparently based on adverse publicity in newspaper articles and *106 television appearances) and possibly some of the other motions, it appears that petitioner unsuccessfully sought a writ of mandamus from the Missouri Court of Appeals, St. Louis District and the Missouri Supreme Court. Petitioner alleges that the respondent judge of the circuit court of St. Louis refused to transmit six of petitioner's exhibits to the appellate courts (and that appellate courts would not order them transmitted) thereby denying petitioner a fair consideration. We are not advised as to the content of the six exhibits, although it would appear from the other allegations that they are part of a group of "over forty" exhibits petitioner offered on the motion for a change of venue.
The major theme of the petition is that the judges and prosecutors of St. Louis are conspiring against petitioner and that he wishes but will not be allowed to present his "conspiracy defense" at the forthcoming trial. He alleges that "the Missouri judges and prosecutors are scared to face petitioner evenly in a court of law on the same footing as the prosecutor because petitioner can prove the conspiracies that exist and because they know petitioner will have every last one of them prosecuted." Inter alia, petitioner prays for an injunction to prevent the state from denying petitioner the "right to prove his conspiracy defense."
Federal courts do not act as overseers of the state courts. Basically, petitioner is complaining of allegedly erroneous pre-trial rulings by the state courts which he contends might lead to his conviction unless we direct the state courts to correct the errors. If so, and petitioner is hereafter convicted, Missouri provides ample remedies both on direct appeal and on post-conviction motions under Missouri Supreme Court Rule 27.26.
On elementary principles of comity, we decline to interfere at this pre-trial stage with the normal functioning of the state's criminal processes. Petitioner may not derail the state proceeding against him by resorting to federal habeas corpus to litigate his constitutional defenses in advance of trial and possible conviction. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Exhaustion of state remedies is a necessary precondition to the availability of federal habeas relief. Cf. Moore v. De Young, 3 Cir., 1975, 515 F.2d 437 (involving a claim of a denial of a speedy trial). In addition, the federal injunctive relief requested by petitioner is unwarranted under the rationale of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669.
It follows from the foregoing that leave to file this action in forma pauperis was improvidently granted. Accordingly, IT IS HEREBY ORDERED that leave to prosecute this action in forma pauperis be and the same is hereby denied. An order will be entered dismissing the petition without prejudice.