Thomas D. DAVIS, Petitioner,

v.

Bryant MUELLAR, as Sheriff of Rolette County, North Dakota, Respondent.

Civ. No. A2–79–218.

United States District Court, D. North Dakota, Northeastern Division.

Dec. 27, 1979.

---

Leo Broden, Devils Lake, N. D., for petitioner; Timothy A. LaFrance, Native American Rights Fund, Boulder, Colo., of counsel.

## ORDER

BENSON, Chief Judge.

In the above entitled action, Thomas D. Davis, the petitioner, an enrolled member of the Turtle Mountain Band of Chippewa Indians, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, to compel his release from custody. The petition alleges that Davis was arrested by Rollette County officials on October 10, 1978, within the external boundaries of the Turtle Mountain Indian Reservation. He was charged with terrorizing under N.D.Cent.Code § 12.1–17–04, for making a threatening phone call to one Kim Albert in Rolla, an off reservation town. Davis was arrested without a warrant and placed in custody by the county officials at the Tribal Law and Order Office on the reservation. He was not given an extradition hearing before or after being taken into custody. A tribal ordinance allegedly would have required one in such circumstances. After he was placed in custody, a complaint was filed, a warrant was issued, and bond was set at $1,500.00. It was still October 10 when Davis' wife posted the bond at the sheriff's office in Rolla, and petitioner was released. The terms of his bond required him to appear in county court and district court as required.

Davis alleges that being placed in custody by county officials without an extradition hearing, even though he requested one, was an arrest contrary to the laws of the United States. This argument is premised on a tribal ordinance which has been approved by the Bureau of Indian Affairs, and which provides for certain procedures to be followed in arresting a tribal member for a crime committed off the reservation, one of

which is an extradition hearing. In effect, he argues that the county officials were without jurisdiction to arrest him.

At his preliminary hearing in county justice court, Davis moved for a dismissal, claiming that his arrest violated his rights when the county officials failed to comply with the reservation extradition ordinance. This motion was denied and Davis was bound over to the district court.

Davis then petitioned the district court for a writ of habeas corpus on the same grounds asserted in county court. This was denied by the district court on its reasoning that one released on bond awaiting trial, where there has been no state judgment of conviction, is not "in custody." The court did note that Davis could raise the jurisdictional issues before the trial court. After his writ was denied, Davis moved the district court at the time of his arraignment for a dismissal of the charge. This was also denied on the ground that the validity of an arrest does not affect the validity of continued prosecution.

Davis then sought a writ of prohibition from the Supreme Court of North Dakota, to restrain the district court from prosecuting him. Without reaching the merits of Davis' petition, the court denied the writ. *Davis v. O'Keefe*, 283 N.W.2d 73, 76 (N.D. 1979). The court noted that a writ of prohibition is used sparingly and only where there is an inadequate remedy by appeal, or where there is some other equitable justification. The court held that Davis would not be irreparably injured in defending himself against a criminal charge. *Id.* at 76.

Davis now petitions this court for a writ of habeas corpus. As of this date, he is still released on bond, and he has not yet been tried. The remedy he seeks is absolute release from custody which would prevent the state district court from conducting his criminal trial, now scheduled for early January, 1980.

 Before ruling on the petition, a preliminary matter must be disposed of. Davis has moved the court to accept his petition for consideration, although it is not on a form supplied by the Clerk of Court as is required by our Local Rule X(C)(9). The court has reviewed the petition and finds that it is in substantial conformity with the form required. Since it is a Local Rule requirement that petitions be on a standardized form, and not a requirement of the habeas corpus statute or the rules pertaining thereto adopted by the United States Supreme Court, this court is free to waive the requirement. In light of the completeness of the petition filed in this case, petitioner's motion for leave to file a petition not in conformance with Local Rule X(C)(9) is granted.

The habeas corpus statute requires that an applicant have exhausted his state remedies before relief may be granted. 28 U.S.C. § 2254(b).[1] Davis alleges that he has exhausted his state remedies in that he has brought four state pre-trial actions including one to the state supreme court, in an effort to restrain the county from going on with the prosecution. However, he has not yet been tried so that there has been no judgment of conviction by a state court.

 The Supreme Court has held that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973); *Ex parte Royall*, 117 U.S. 241, 251, 6 S.Ct. 734, 29 L.Ed. 868 (1886). This require-

1. The court will assume that Davis is "in custody" while out on bond awaiting trial. In *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1972), the Court held that one released on his own recognizance after his conviction and pending sentence is in custody for the purposes of habeas corpus relief. And in *Scranton v. State of N.Y.*, 532 F.2d 292, 294 (2nd Cir. 1976), the court saw no distinction between pre-conviction and post-conviction release on bail in determining whether one was "in custody." But as the Court in *Hensley* noted, the distinction lies in that one who is released on bail pending trial must still comply with the exhaustion requirement. 411 U.S. at 353, 93 S.Ct. 1571.

ment stems from the exhaustion requirement, in that unless the petitioner has been tried, he has not presented these issues to the state trial court and he has not availed himself of the right to appeal to the highest state court from an adverse lower court judgment. Even though the court has jurisdiction to grant writs of habeas corpus to petitioners in state custody who have not yet been tried, in the interest of comity between the state and federal court, this court will not assert jurisdiction in such a case, absent special circumstances. *See, e. g., Paris v. Elrod,* 589 F.2d 327, 328–29 (7th Cir. 1979). *See also Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886) where the Supreme Court at 251, 6 S.Ct. at 740 said:

> [The granting of habeas corpus relief in the absence of a state court judgment] should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the States, and in recognition of the fact that the public good requires that those relations be not disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution.

In *Braden, supra,* special circumstances were found in that petitioner was alleging that his speedy trial rights were denied in not being brought to trial. It was proper to act in that case because the very wrong complained of was the fact of not being brought to trial. In the case now before this court the petitioner is seeking to avoid state trial. Courts have also granted habeas corpus relief prior to a state court judgment when the defense asserted is double jeopardy. *See e. g., Russo v. Superior Court of N. J., Etc.,* 483 F.2d 7, 12 (3rd Cir. 1973), *cert. denied,* 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973). Habeas corpus is proper in such a case because the purpose of double jeopardy protection is to prevent citizens from being subjected to the ordeal of another trial. *Id.* If petitioner was forced to be subjected to another trial with only the opportunity for appeal, the double jeopardy protections would be thwarted.

Davis is seeking protection from the alleged denial of his right to be arrested pursuant to tribal procedures. He argues that the unique stature given tribal sovereignty constitutes special circumstances. Tribal sovereignty and state-tribal relations are important considerations but such considerations do not rise to the standard of special circumstances contemplated in *Braden* and *Russo.*

■ Davis has exhausted his pretrial state remedies but the exhaustion of pretrial remedies is not sufficient for federal habeas corpus relief. *See Scranton v. State of N.Y.,* 532 F.2d 292, 295 (2nd Cir. 1976). The opportunity for Davis to assert his alleged rights will not be lost if the matter goes to state court judgment. In its decision denying the writ of prohibition, the state supreme court held that it did not resolve the issue of the lawfulness of the arrest. *Davis v. O'Keefe,* 283 N.W.2d 73, 76 (N.D.1979). Davis would have the right to appeal from an adverse trial court judgment and the state supreme court would have a fair opportunity to consider the merits of his claim.

A more compelling reason also exists for the denial of the relief Davis requests. In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court held that a federal court cannot interfere with a pending state criminal prosecution either by injunction or declaratory judgment, absent a showing of extraordinary circumstances indicating a threat of great and immediate irreparable injury.

> [T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be

eliminated by his defense against a single criminal prosecution.

*Id.* at 46,[2] 91 S.Ct. at 751.

There is little difference between granting federal habeas corpus relief from a pending state criminal trial and enjoining the same trial. The principles of federalism and comity underlying *Younger* are present in both. *See e. g. Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977); *Scranton v. State of N.Y.*, 532 F.2d 292, 295 (2nd Cir. 1976); *Tyler v. Hall*, 444 F.Supp. 104, 106 (E.D.Mo.1978).

This court will not interfere with the state judicial process and the pending criminal prosecution.[3]

IT IS ORDERED that petitioner's request for federal habeas corpus relief is denied.

---

**2.** The court intimated that a showing of bad faith or harassment by state officials may constitute "special circumstances." *Id.* at 54, 91 S.Ct. 746. There has been no such showing in the instant case.

**3.** Davis had moved to have the court order the respondent to show cause why habeas corpus relief should not be granted. Pursuant to 28 U.S.C. § 2243, such an order is not necessary where, as here, it appears from the application that petitioner is not entitled to relief.