James Dixon YORK and Abdul Majid (f/k/a Anthony L. LaBorde), Petitioners,

v.

Benjamin WARD, Commissioner of Correction of the City of New York, Respondent.

No. 82 Civ. 1188.

United States District Court, E. D. New York.

May 3, 1982.

John J. Santucci, Dist. Atty., Debbie Stevens and Charles Tesagrossa, Asst. Dist. Attys., Kew Gardens, N. Y., for respondent.

William M. Kunstler, Randolph M. Scott-McLaughlin, New York City, for petitioner York.

C. Vernon Mason, New York City, for petitioner Majid.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed on April 30, 1982, on behalf of James Dixon York and Abdul Majid (f/k/a Anthony L. LaBorde). The petitioners also submitted

for the Court's signature an order to show cause that would direct the respondent, Benjamin Ward, Commissioner of Correction of the City of New York, to show cause why the writ of habeas corpus should not be issued.

The petition alleges that the petitioners are in the custody of the respondent as pre-trial detainees awaiting trial for murder and attempted murder of New York City police officers in the County of Queens. Their trial is scheduled to begin on May 3, 1982 in the Supreme Court of the State of New York in that County.

On or about April 21, 1982, pursuant to New York Criminal Procedure Law § 230.10, et seq., which became effective in 1953, the petitioners moved before the Appellate Division of the Supreme Court of the State of New York, Second Department, for an order granting them a change of venue to Kings County, based upon their assertion that extensive and highly prejudicial pre-trial publicity coupled with other factors detailed in their supporting affidavits raise serious doubts about the likelihood that they could be fairly tried in Queens County.

On or about April 26, 1982, without argument or an evidentiary hearing, the Appellate Division denied the motion. On April 29, 1982, the Court of Appeals of the State of New York dismissed petitioners' motion for leave to appeal for the reason that the order of the Appellate Division is not appealable under the Criminal Procedure Law.

The petitioners contend that the statute which confers upon the Appellate Division rather than the trial court jurisdiction to entertain a motion for change of venue is unconstitutional in that it denies them due process and equal protection of the law without specifying in what respect they have been denied either. They request that this Court issue the writ in their favor or, in the alternative, that it direct their release if they are not permitted to move the trial court for a change of venue or, in the further alternative, that the Court of Appeals be directed to entertain the appeal from the order of the Appellate Division

and that §§ 230.10 et seq. of the New York Criminal Procedure Law be declared unconstitutional on its face or as applied to the petitioners.

The petition was filed pursuant to 28 U.S.C. § 2254, which provides in part as follows:

"(a) . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

The power to grant a writ of habeas corpus is conferred by 28 U.S.C. § 2241 which provides in part as follows:

"(c) The writ of habeas corpus shall not extend to a prisoner unless

\*     \*     \*     \*     \*     \*

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; . . ."

The petitioners make no allegation that they are in custody unlawfully, in violation of the Constitution or laws or treaties of the United States. Their attack is aimed entirely at the New York statute that prescribes the procedure for making a motion for a change of venue.

■ The writ of habeas corpus is cherished as the swift and imperative remedy in all cases of unlawful confinement. It was never conceived to be the means by which a state proceeding can be aborted or a decree by which the orderly functioning of the State's judicial processes can be disrupted. Nor is the federal habeas corpus to be converted "into a pretrial motion forum for state prisoners." See, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 508, 93 S.Ct. 1123, 1136, 35 L.Ed.2d 443 (1972).

■ This patent deficiency of the petition is enough to require that it be denied.

There are other compelling reasons, however, for the denial of the petition. In addition to the allegations already mentioned, the petitioners allege that they are

confronted with a long and arduous trial and do not have the remedy of mandamus or prohibition since the New York Court of Appeals is without jurisdiction to entertain provisional remedies. In essence, they assert, their remedies, if found guilty, would be post-conviction ones. As to that, federal court interference with state court proceedings has long been discouraged by public policy that is reflected quite plainly in statute (*see, e.g.,* 28 U.S.C. § 2283) and judicial pronouncements. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1970); *U. S. ex rel. Scranton v. New York,* 532 F.2d 292 (2d Cir. 1976); *Drury v. Cox,* 457 F.2d 764 (9th Cir. 1972); *U. S. ex rel. Tyler v. Hall,* 444 F.Supp. 104 (E.D.Mo.1978); *Theriault v. Lamb,* 377 F.Supp. 186 (D.C. Nev.1974).

In *Younger,* a proceeding was pending in the State court which Harris successfully sought to have the federal district court enjoin. In reversing that determination the Supreme Court made the following apposite observations, at p. 46, 91 S.Ct. at 751:

> "In all of these cases the Court stressed the importance of showing irreparable injury, the traditional pre-requisite to obtaining an injunction. In addition, however, the Court also made clear that in view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is 'both great and immediate' . . . . Certain types of injury, in particular, the cost, anxiety and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution."

The petitioners do not suggest that their prosecution is brought in bad faith and the injury they claim to face is that which is incidental to every criminal proceeding brought lawfully and in good faith and therefore, under settled doctrine, the petitioners are "not entitled to equitable relief even if such statutes are unconstitutional." *Younger v. Harris, supra,* at p. 49, 91 S.Ct. at 753.

Although *Younger v. Harris* dealt with a federal injunction of a pending state criminal prosecution and was based upon a proper respect for state functions, that is, comity, the same policy and legal considerations have been applied to federal habeas corpus relief from a state criminal trial. *U. S. ex rel. Scranton v. New York,* 532 F.2d 292 (2d Cir. 1976); *U. S. ex rel. Tyler v. Hall,* 444 F.Supp. 104 (E.D.Mo.1978).

Yet another reason for denying this petition is that it does not satisfy the prerequisite to the grant of habeas corpus relief, namely, that State court remedies be exhausted. 28 U.S.C. § 2254(b), (c). State court remedies are exhausted if the petitioner has fairly presented to the State court the same claim that is the basis for his petition of habeas corpus. This requires that not only the facts on which the petitioners rely have been called to the attention of the State court but that the court be informed of the legal basis for the claim. "The goal of these requirements, in the interest of federal-state comity, is simply to ensure that the federal courts not intrude upon state proceedings unless and until the State courts have been given a fair opportunity to consider and act upon the claims on which the habeas corpus petition is based." *Twitty v. Smith,* 614 F.2d 325 (2d Cir. 1979). The papers submitted in support of the petition do not indicate that the claim that is the basis for this petition has been presented to or ruled upon by any State court.[1]

---

1. After this Memorandum and Order was signed, the Court received a supplemental affirmation from William Kunstler, Esq., which confirms this Court's view that the constitutional issue was not considered on its merits by any State court.

Mr. Kunstler affirms that "the constitutional issues raised in the within petition were fully argued before a judge sitting as the full Court of Appeals." Kunstler Affidavit at 2. Judge Wachtler, however, in his Certificate Dismissing Application to Appeal did not address these constitutional issues. He held only that the

When it appears from the face of the petition that the petitioner is not entitled to the writ of habeas corpus, the court should deny it without going through the idle ceremony of issuing an order to show cause calling upon the respondent to make return. 28 U.S.C. § 2243. *Walker v. Johnston,* 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941); *Reilly v. Pescor,* 156 F.2d 632 (8th Cir. 1946), *cert. denied,* 329 U.S. 790, 67 S.Ct. 353, 91 L.Ed. 676 (1946); *DeMaris v. U. S.,* 187 F.Supp. 273 (S.D.Ind.1960).

Having determined that the petitioner is not entitled to the issuance of a writ of habeas corpus and that an order to show cause calling upon the respondent to make return would be an idle ceremony, it is therefore ordered:

1. That the petition for a writ of habeas corpus be dismissed, and

2. That the writ of habeas corpus be denied.

Appellate Division's order denying a change of venue was not appealable under the Criminal Procedure Law. The Court of Appeals, therefore, was not given the required opportunity to deliberate upon and decide the constitutionality of New York State's change of venue statute. *See Twitty v. Smith, supra.*

Should the petitioners be convicted after trial, their State court remedies will be exhausted when they have fully pursued their post-conviction remedies and have presented the constitutional issues found in the petition before this Court to the State courts. *See* 28 U.S.C. § 2254(c).