**Daya Singh SANDHU, a/k/a Daya Singh Lahoria, et al., Petitioners,**

v.

**Dub BRANSOM, United States Marshal, Respondent.**

**Nos. 4:96–CV–447–A, 4:96–CV–448–A and 4:96–CR–028–A.**

United States District Court,
N.D. Texas,
Fort Worth Division.

July 1, 1996.

Michael Logan Ware, Law Office of Michael Logan Ware, Fort Worth, TX, for defendants.

John Bradford and J. Michael Worley, U.S. Attorney's Office, Fort Worth, TX, for plaintiff.

## MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

Came on for consideration the petitions of petitioners, Daya Singh Sandhu a/k/a Daya Singh Lahoria and Kamaljeet Kaur Sandhu a/k/a Suman Sood (hereinafter "petitioners"), for writ of habeas corpus, and the motions of petitioners to stay their extradition to India pending the court's decision on their petitions for writ of habeas corpus. The respondent is the United States Marshal for the Northern District of Texas, who now has custody of petitioners.

### I.  *Procedural History*

On March 5, 1996, the United States Attorney for the Northern District of Texas, acting on behalf of the Republic of India, filed a verified complaint pursuant to 18 U.S.C. § 3184 seeking the extradition of petitioners to India. The complaint, which was docketed as No. 4:96–CR–028–A and styled "In the Matter of the Extradition of Daya Singh Lahoria and Suman Sood" on the docket of this court, stated that petitioners are charged in India with the commission in India of specified offenses covered by the extradition treaty in force between the United States and the Republic of India.

The extradition proceeding was called for hearing on June 4, 1996 [1], following which the extradition judge [2] took the matter under advisement. On June 11, 1996, the extradition judge issued a memorandum opinion and order certifying that he deemed the evidence sufficient to sustain certain of the charges against petitioners under the provisions of the proper treaty.[3]

Each petitioner subsequently filed a petition for writ of habeas corpus, asserting identical grounds for relief, in the Dallas Division of this court. Shortly thereafter, the petitions were transferred to the Fort Worth Division and were assigned to the docket of the undersigned judge.[4] The petitions have now been consolidated under No. 4:96–CV–447–A.

### II.  *Habeas Principles*

The court need not order respondent to show cause why the writ should not be granted if it appears from the application that petitioners are not entitled to such an order. 28 U.S.C. § 2243. That is, "[w]hen it appears from the face of the petition that the petitioner is not entitled to the writ of habeas

---

1.  The final extradition hearing held June 4, 1996, followed several preliminary hearings and conferences, both in open court and by telephone, and a prehearing conference held in chambers. As a result of the preliminary proceedings, the issues to be dealt with at the June 4 extradition hearing were significantly narrowed.

2.  From time to time throughout the extradition proceeding, the undersigned judge referred to himself as the "court." However, the undersigned judge acted in the capacity contemplated by 18 U.S.C. § 3184 with respect to all actions taken, and all findings and rulings made, in such proceeding. For purposes of this memorandum opinion and order, the undersigned judge acting

in such capacity during such proceeding will be referred to as the "extradition judge."

3.  For convenience, the June 11, 1996, memorandum opinion and order in No. 4:96–CR–028–A is referred to in this memorandum opinion and order as the "Extradition Opinion" and the final judgment of certification of extraditability in No. 4:96–CR–028–A is referred to in this memorandum opinion and order as the "Extradition Judgment."

4.  The transfers were consistent with the practice in the Northern District of Texas that each federal habeas petition be assigned to the judge who handled the matter that gave rise to the petition.

corpus, the court should deny it without going through the idle ceremony of issuing an order to show cause calling upon the respondent to make return." *York v. Ward*, 538 F.Supp. 315, 318 (E.D.N.Y.1982). In evaluating whether it appears from the petition that the person detained is not entitled to the requested writ of habeas corpus, the court is not strictly bound by the bare allegations. *See, e.g., Bundy v. Wainwright*, 808 F.2d 1410, 1417 (11th Cir.1987). In the instant action, the court obviously can, and must, take into account the record judicially known to the court of the underlying extradition proceeding. Inasmuch as it appears from the face of the petitions, when the record of the extradition proceeding is considered, that petitioners are not entitled to the writ of habeas corpus, the court finds there is no need to order respondent to show cause.

■■■ Generally speaking, on a petition for habeas relief related to a certification under 18 U.S.C. § 3184 of extraditability, the court may inquire only

> whether the magistrate had jurisdiction, whether the offence charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.

*Fernandez v. Phillips*, 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925); *accord In re Extradition of Manzi*, 888 F.2d 204, 205 (1st Cir.1989), *cert. denied*, 494 U.S. 1017, 110 S.Ct. 1321, 108 L.Ed.2d 496 (1990); *Quinn v. Robinson*, 783 F.2d 776, 790 (9th Cir.), *cert. denied*, 479 U.S. 882, 107 S.Ct. 271, 93 L.Ed.2d 247 (1986); *Escobedo v. United States*, 623 F.2d 1098, 1101 (5th Cir.), *cert. denied*, 449 U.S. 1036, 101 S.Ct. 612, 66 L.Ed.2d 497 (1980). Purely legal questions are reviewed *de novo* by the habeas court, while purely factual questions are reviewed under the clearly erroneous standard. *Quinn*, 783 F.2d at 790–91.

### III. *Petition*

Petitioners base their petitions on the following grounds: (1) the extradition judge did not have jurisdiction to consider whether petitioners were extraditable; (2) the Indian government's extradition request of petitioners was untimely under the applicable treaty; (3) the statute governing these proceedings is unconstitutional because it violates separation of powers; (4) extradition of petitioners violates the doctrine of specialty; (5) the offenses that are the subject of the extradition request qualify as political offenses and are not extraditable; (6) the Indian government did not proffer evidence establishing probable cause of petitioners' guilt for any extraditable offense; (7) petitioners were denied due process because they were not afforded an opportunity to present evidence in defense of the extradition request; and (8) the extradition judge erred by denying petitioners an opportunity to submit evidence that they will be tortured and extrajudicially executed if they are returned to India.

### IV. *Analysis*

#### A. *Ground One: Jurisdiction*

■■■ Petitioners argue that, because they were found in Minneapolis, Minnesota, the extradition judge, as a judge of the United States District Court of the Northern District of Texas, did not have jurisdiction to consider whether they were extraditable. A claim of this nature is subject to habeas review. *See, e.g., Shapiro v. Ferrandina*, 478 F.2d 894, 899–900 (2nd Cir.), *cert. dismissed*, 414 U.S. 884, 94 S.Ct. 204, 38 L.Ed.2d 133 (1973); *Ahmad v. Wigen*, 726 F.Supp. 389, 397–99 (E.D.N.Y.1989), *aff'd*, 910 F.2d 1063 (2nd Cir.1990). After having reviewed this issue of law *de novo*, the court concludes, for the same reasons expressed by the extradition judge, Extradition Opinion at 35, that the extradition judge was not without jurisdiction to consider whether petitioners were extraditable.

#### B. *Ground Two: Timeliness*

■■■ Petitioners assert that the Indian government's request for their extradition was untimely because it was not submitted within two months of their apprehension, as required by the Treaty. A claim of this sort is cognizable on habeas review. *See, e.g., Peryea v. United States*, 782 F.Supp. 937, 940–41 (D.Vt.1991), *aff'd*, 970 F.2d 896 (2nd Cir.1992). Having reviewed this issue of law *de novo*, the court concludes, for the same

reasons expressed by the extradition judge, Extradition Opinion at 35–36, that the extradition request was not untimely.

## C. *Ground Three: Constitutionality*

Petitioners contend that the statute governing the extradition proceedings is unconstitutional because it violates the principle of separation of powers.

■■■ A claim that the extradition statute is unconstitutional is cognizable on habeas review. *E.g., Matter of Extradition of Lang,* 905 F.Supp. 1385 (C.D.Cal.1995); *Manrique Carreno v. Johnson,* 899 F.Supp. 624 (S.D.Fla.1995); *Lobue v. Christopher,* 893 F.Supp. 65 (D.D.C.1995), *vacated on other grounds,* 82 F.3d 1081 (1996). The court has studied this issue of law, and the cases discussing it, at length, and concludes that the statute in question does not violate the principle of separation of powers and is not unconstitutional. *See In re Extradition of Lin,* 915 F.Supp. 206, 211–15 (D.C.Guam 1995); *Lang,* 905 F.Supp. at 1385; *Matter of Extradition of Sutton,* 905 F.Supp. 631 (E.D.Mo. 1995); *Matter of Extradition of Sidali,* 899 F.Supp. 1342, 1350 (D.N.J.1995); *Manrique Carreno,* 899 F.Supp. at 624; *Lobue,* 893 F.Supp. at 65.

## D. *Ground Four: Doctrine of Specialty*

■■■ Petitioners assert that their extraditions would violate the doctrine of specialty. A claim of this sort is cognizable on habeas review. *See Shapiro,* 478 F.2d at 907. Having reviewed this issue of law *de novo,* the court concludes, for the same reasons expressed by the extradition judge, Extradition Opinion at 37–38, that petitioners' extraditions would not violate the doctrine of specialty.

## E. *Ground Five: Political Offense Exception*

Petitioners argue that the offenses that are the subject of the extradition request qualify as political offenses and, therefore, are not extraditable.

■■■ The political offense question is reviewable on habeas corpus as part of the question of whether the offense charged is within the treaty. *Quinn,* 783 F.2d at 790–91; *see, e.g., Escobedo,* 623 F.2d at 1104. This issue is a mixed question of law and fact. *Quinn,* 783 F.2d at 791. Accordingly,

the district court must review the magistrate's purely factual findings underlying the application of the political offense exception under the clearly erroneous standard, while the mixed determinations at issue—such as the question whether the crime was incidental to a political uprising—must be reviewed *de novo.*

*Id.*

■■■ Contrary to petitioners' assertions, petitioners were given a full opportunity to establish by proof at the extradition hearing their assertion that the offenses for which their extraditions are sought were committed in the course of and incidental to a violent political disturbance. As explained by the extradition judge, petitioners failed to carry their burden of proof. Extradition Opinion at 32–35. Petitioners are not entitled at this time to an entirely *de novo* trial on the issue of whether the political offense exception applies. Rather, the function of the court now is to determine whether the extradition judge's finding that petitioners failed to meet their burden of proof at the extradition hearing was clearly erroneous. The court concludes that the extradition judge's finding was not erroneous. Moreover, the court is satisfied that the evidence received at the extradition hearing does not support a finding that the acts allegedly taken by petitioners were committed "in the course of and incidental to a violent political disturbance, such as war, revolution and rebellion." *Escobedo,* 623 F.2d at 1104.

## F. *Ground Six: Probable Cause*

Petitioners allege that the Indian government did not proffer evidence establishing probable cause of petitioners' guilt for any extraditable offense.

■■■ On review of the extradition judge's probable cause findings, the habeas court must determine whether the extradition judge had "any competent evidence tending to show probable cause." *Escobedo,* 623 F.2d at 1102; *accord Shapiro,* 478 F.2d

at 914. Having reviewed the extradition judge's discussion of each of the charged offenses and the evidence in support thereof, Extradition Opinion at 17–32, the court concludes that the extradition judge's probable cause findings are supported by competent evidence that warranted the finding that the evidence is sufficient to sustain under the treaty in question the charges for which the extradition judge has certified extraditability.

### G. *Ground Seven: Opportunity to Present Evidence in Defense*

Petitioners allege that they were denied due process because they were not afforded an opportunity to present evidence in defense of the extradition request.

▇▇▇ The scope of habeas corpus review includes examination of procedural defects in the extradition process that are of constitutional magnitude. *Ahmad,* 726 F.Supp. at 396; *see Martin v. Warden, Atlanta Pen,* 993 F.2d 824, 829 (11th Cir.1993); *see, e.g., Manzi,* 888 F.2d at 206; *Romeo v. Roache,* 820 F.2d 540, 544 (1st Cir.1987); *In re Burt,* 737 F.2d 1477, 1482–87 (7th Cir. 1984); *Plaster v. United States,* 720 F.2d 340, 347–49 (4th Cir.1983). When considering petitioners' assertions that they were denied the opportunity to present evidence in defense, the court bears in mind the principle that a fugitive's right to introduce evidence is "limited to testimony which explains rather than contradicts the demanding country's proof." *Shapiro,* 478 F.2d at 905; *accord Gill v. Imundi,* 747 F.Supp. 1028, 1040 (S.D.N.Y.1990); *In re Shapiro,* 352 F.Supp. 641, 645 (S.D.N.Y.1973).

▇▇ A review of the record in the extradition proceeding reflects that petitioners were allowed adequate opportunity to present explanatory evidence in defense of the extradition request. As to the political offense exception upon which petitioners rely, petitioners offered, and the extradition judge received, in evidence the written opinions of the experts petitioners tendered as having knowledge on that subject, and the factual bases of the opinions.[5]

The extradition judge did not find that petitioners should be precluded from introducing evidence at the extradition hearing on the following subjects:

#### B.

The defendants would call Dr. Vincent Iacopino to testify that "his medical examinations of (the defendants) reveal that the Indian security forces have already arrested and brutally tortured them both."

\*      \*      \*      \*      \*      \*

#### C.

The defendants would call Justice Ajit Singh Bains and Navrikan Singh to testify to the Indian Government's practice of fabricating evidence and extrajudicial punishment of prisoners. The defendants would call Brajinder Singh Sodhi to testify concerning the history of court proceedings against DAYA SINGH LAHORIA. Finally, the defendants would call Kuldeep Singh Samarana, Pritpal Singh "Honey", Gurbachan Singh "Rana" and Jaspreet Singh to testify to the defendants' membership in a student federation and to his mistreatment by Indian security forces.

Prehearing Motion in Limine and Brief filed 5/15/96 in No. 4:96–CR–028–A; 5/16/96 Order in No. 4:96–CR–028–A at 1. However, none of the subjects on which petitioners were prohibited from offering evidence bear on the legal, as opposed to political, issue of extraditability. Instead, those subjects relate to political issues to be resolved by the Secretary of State. *See Escobedo,* 623 F.2d at 1107; *Ahmad v. Wigen,* 910 F.2d 1063, 1067 (2nd Cir.1990).

### H. *Ground Eight: Treatment Petitioners Face in India*

Petitioners separately assert that the court erred by denying them an opportunity to submit evidence that they will be tortured and extrajudicially executed if they are re-

---

5. In a telephone conference between the extradition judge and counsel, counsel for petitioners represented that the document pertaining to experts that was received in evidence at the extradition hearing contained all of the opinions of petitioners' experts on the political offense issue and all factual bases for those opinions.

turned to India. The discussion that follows under this heading supplements the discussion on this same subject under the immediately preceding heading.

 Under the well established rule of non-inquiry, an inquiry into the conditions awaiting fugitives is beyond the scope of the extradition hearing, and furthermore, should not be considered on habeas review. *See Martin,* 993 F.2d at 830 n. 10; *Ahmad,* 910 F.2d at 1066–67; *Manzi,* 888 F.2d at 206; *Escobedo,* 623 F.2d at 1107; *Gallina v. Fraser,* 278 F.2d 77, 78–79 (2nd Cir.), *cert. denied,* 364 U.S. 851, 81 S.Ct. 97, 5 L.Ed.2d 74 (1960); *In re Extradition of Sandhu,* 886 F.Supp. 318, 321–23 (S.D.N.Y.1993); *Gill,* 747 F.Supp. at 1048–50. Although the Fifth Circuit has hinted that it may be willing to depart from the rule of non-inquiry,[6] the extradition judge was bound, and the court is bound, by existing law, which incorporates the rule of non-inquiry. Hence, the extradition judge acted properly in denying petitioners the opportunity to submit evidence concerning the treatment they may face upon return to India. *See, e.g., Manzi,* 888 F.2d at 206. Moreover, conditions petitioners may face upon return to India are not within the purview of the habeas court. *Ahmad,* 910 F.2d at 1066.

### V. *Order*

For the foregoing reasons, the court ORDERS that petitioners' petitions for writ of habeas corpus be, and are hereby dismissed. The court further ORDERS that petitioners' motions for stay be, and are hereby, denied.

### *FINAL JUDGMENT*

Consistent with the memorandum opinion and order signed by the court on the date of the signing of this final judgment,

The court ORDERS, ADJUDGES, and DECREES that the petitions for writ of habeas corpus of Daya Singh Sandhu a/k/a Daya Singh Lahoria and Kamaljeet Kaur Sandhu a/k/a Suman Sood be, and are hereby, dismissed.

---

6. During the week prior to the extradition hearing on June 4, 1996, fugitives filed with the Fifth Circuit a petition for writ of mandamus seeking a stay of the extradition hearing. Although fugitives' petition was rendered moot by the completion of the extradition hearing on June 4, 1996, the Fifth Circuit issued an opinion on the petition for writ of mandamus on June 11, 1996, in which the Fifth Circuit expressed disquiet at the rule of non-inquiry and suggested it would be willing to consider recognizing exceptions to such rule. *In re Extradition of Sandhu,* No. 96–10635 (5th Cir. filed June 11, 1996).